IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKIE L. CHIPMAN,

        Plaintiff,                    No. CIV S-11-2770 GEB EFB PS

    vs.

MARCIA F. NELSON, et al.,

        Defendants.         ORDER

        This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). Presently noticed for hearing on March 14, 2012 are numerous motions to dismiss and to strike filed by various defendants. Dckt. Nos. 12, 13, 15, 16, 17, 21, 22, 25, 27, 28, 29, 32, 38, 39; *see also* Dckt. Nos. 20, 40, 41, 44.

        On February 29, 2012, plaintiff filed a single, consolidated opposition to the multiple pending motions. Dckt. No. 49. In that opposition, plaintiff does not address many of the arguments made in those motions; instead, she purports to provide a "more definitive statement."

////

////

////

1

*Id*. at 1.  Plaintiff states that she "agree[s] that the defendants in this case have a right to a more definitive statement and specific causes of action alleged."[1] *Id*. at 4.

The court construes plaintiff's filing, which appears to be an attempted amended complaint rather than an opposition, as a motion to amend her complaint. Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Here, plaintiff's purported amended complaint was not filed within 21 days of the date defendants were served with the complaint or within 21 days of the date defendants served their motions to dismiss. Therefore, plaintiff is not entitled to amend her complaint "as a matter of course."

Nonetheless, Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187. Granting or denying leave to amend rests in the sound discretion of the trial court, and will be

---

[1] Although the "opposition" is construed herein as a motion to amend, plaintiff is informed that, in the future, any opposition to pending motions shall address all of the substantive arguments made in those motions.

2

1  reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Here, there is no indication that plaintiff, who is appearing *pro se*, unduly delayed in filing her purported amended complaint or that it was filed in bad faith. In fact, the purported amended complaint was filed in response to defendants' motions to dismiss and to strike. Further, the court cannot say at this time that amendment would be futile. Additionally, although defendants have already filed multiple motions to dismiss and to strike the original complaint, if plaintiff's amended complaint suffers from the same failures that defendants contend the original complaint does, defendants can move to dismiss the amended complaint on similar grounds. Therefore, defendants have completed little or no work that would be disturbed by granting plaintiff leave to file an amended complaint. The burden of showing prejudice is upon the party opposing the amendment and defendants cannot carry this burden. Accordingly, plaintiff will be granted an opportunity to file an amended complaint.[2] *See Duong-Tran v. Kaiser Found. Health Plan of the N.W.*, 2008 WL 1909221, at *4-5 (D. Or. Apr. 28, 2008).

As a result, the pending motions to dismiss and to strike, Dckt. Nos. 12, 13, 15, 16, 17, 21, 22, 25, 27, 28, 29, 32, 38, and 39, will be denied as moot. Plaintiff's amended complaint will supersede the earlier complaint which that motion seeks to dismiss, rendering the earlier complaint of no legal effect and the motion to dismiss moot. *See Ramirez v. Silgan Containers*, 2007 WL 1241829, at *6 (Apr. 26, 2007).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's February 29, 2012 filing is construed as a motion to amend her complaint and that motion is granted.

2. On or before March 30, 2012, plaintiff shall file a first amended complaint.

---

[2] Although plaintiff's February 29, 2012 appears to be a purported amended complaint, because it is not labeled as such and does not comply with all of the formatting and pleading requirements set forth in the Federal Rules of Civil Procedure and this court's Local Rules, plaintiff will be given an opportunity to file a properly labeled and properly formatted amended complaint.

1    3. Defendants' motions to dismiss and to strike, Dckt. Nos. 12, 13, 15, 16, 17, 21, 22, 25,
2 27, 28, 29, 32, 38, and 39, are denied as moot and the March 14, 2012 hearing thereon is vacated.
3    4. Defendants shall file a response to plaintiff's first amended complaint within the time
4 prescribed in the Federal Rules of Civil Procedure.
5    5. The status (pretrial scheduling) conference currently set for May 23, 2012 is continued
6 to July 18, 2012.
7    6. On or before July 3, 2012, the parties shall file status reports, as provided in the
8 October 20, 2011 order.
9    SO ORDERED.
10   DATED: March 12, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4