IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKIE L. CHIPMAN,

      Plaintiff,                                  No. 2:11-cv-2770-TLN-EFB PS

     vs.

MARCIA F. NELSON, M.D., et. al.,          ORDER

      Defendants.
_____/

     This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). Presently noticed for hearing on July 10, 2013 are numerous motions to dismiss and to strike plaintiff's second amended complaint filed by various defendants.[1] Dckt. Nos. 156, 157, 158, 161, 162, 163, 178.

     On June 4, 2013, plaintiff sent a letter to the court, which the undersigned construes as a motion to amend her second amended complaint. Dckt. No. 166. In that letter, plaintiff specifically requests the ability to amend her second amended complaint, stating that she "neglected to declare on the first page of [her] complaint the Civil violations that were

---

[1] Three of the defendants also filed an answer to plaintiff's second amended complaint. Dckt. No. 160.

1

committed by defendants," and that "[i]n an effort to be brief, [she] did not include numerous facts, as [she] had in [her] original complaint and [her] 1st Amended Complaint, showing exactly when and how defendants caused harm" to plaintiff's mother, plaintiff, and plaintiff's family. *Id.* She adds that "this is a complicated case" and that she believes that "if given the chance, [she] can now write [her] complaint correctly combining written law with all the facts simultaneously." *Id.* Plaintiff further contends that on June 20, 2013, the standing issue argued by various defendants "will be remedied in Butte County Probate Court . . . where [plaintiff] will be named Executor of both [her] parents' wills." *Id.*

Plaintiff has previously amended her complaint and, accordingly, she is not entitled to amend her complaint "as a matter of course" under Federal Rule of Civil Procedure 15(a)(1). Therefore, the court must look to Rule 15(a)(2), which provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187. Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Here, there is no indication that plaintiff, who is appearing *pro se*, unduly delayed in requesting leave to file a third amended complaint or that her request was filed in bad faith.

1  Rather, the request for leave to file a third amended complaint was filed in response to
2  defendants' motions to dismiss and to strike.  Moreover, plaintiff's second amended complaint
3  was filed after this court issued 28-page findings and recommendations, Dckt. No. 151, and
4  plaintiff acknowledges that she thought she was to address specific legal issues noted in the
5  findings and recommendations and she did not realize she needed to include all of the relevant
6  facts.  Dckt. No. 166.  Therefore, it does not appear that her failure to include all of the relevant
7  facts in her second amended complaint was in bad faith.  Further, the court cannot say at this
8  time that amendment would be futile since it is unclear what additional facts plaintiff intends to
9  include in a third amended complaint.  Additionally, although defendants have already filed
10 multiple motions to dismiss and to strike the second amended complaint, if plaintiff's third
11 amended complaint suffers from the same failures that defendants asserted as to the second
12 amended complaint, defendants are free to move to dismiss the third amended complaint on
13 similar grounds.  Therefore, defendants have completed little or no work that would be disturbed
14 by granting plaintiff leave to file a third amended complaint.  The burden of showing prejudice is
15 upon the party opposing the amendment and defendants cannot carry this burden.  Accordingly,
16 plaintiff will be granted an opportunity to file a third amended complaint.  *See Duong-Tran v.*
17 *Kaiser Found. Health Plan of the N.W.*, 2008 WL 1909221, at *4-5 (D. Or. Apr. 28, 2008).

18        As a result, the pending motions to dismiss and to strike, Dckt. Nos. 156, 157, 158, 161,
19 162, 163, and 178, will be denied as moot.  Plaintiff's third amended complaint will supersede
20 the second amended complaint which those motions seeks to dismiss, rendering the second
21 amended complaint of no legal effect and the motions to dismiss moot.  *See Ramirez v. Silgan*
22 *Containers*, 2007 WL 1241829, at *6 (Apr. 26, 2007).

23        Accordingly, IT IS HEREBY ORDERED that:

24        1. Plaintiff's June 4, 2013 motion to amend her complaint, Dckt. No. 166, is granted.

25        2. Within thirty days from the date of this order, plaintiff shall file a third amended
26 complaint.

3. Defendants' motions to dismiss and to strike, Dckt. Nos. 156, 157, 158, 161, 162, 163, and 178, are denied as moot and the July 10, 2013 hearing thereon is vacated.

4. Defendants shall file a response to plaintiff's third amended complaint within the time prescribed in the Federal Rules of Civil Procedure.

5. The status (pretrial scheduling) conference currently set for August 28, 2013 is continued to November 20, 2013 at 10:00 a.m. in Courtroom No. 8.

6. On or before November 6, 2013, the parties shall file status reports, as provided in the October 20, 2011 order.

SO ORDERED.

Dated: June 18, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE