UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKIE L. CHIPMAN, | No. 2:11-cv-2770-TLN-EFB PS |
| Plaintiff, | |
| v. | ORDER |
| MARCIA F. NELSON, M.D., et al., | |
| Defendants. | |

Presently set for hearing on October 23, 2013, are numerous motions to dismiss and to strike plaintiff's third amended complaint. ECF Nos. 185, 187, 188, 192, 193, 194, 195, 205, 206. On August 18, 2013, plaintiff filed an opposition to defendant THC Orange County Inc. dba Kindred Hospital Sacramento's ("Kindred") motion to dismiss plaintiff's third amended complaint. ECF No. 218. On August 23, 2013, defendant Kindred filed a reply arguing that plaintiff "improperly attempts to plead additional facts and causes of action in her opposition." ECF No. 219 at 2.

On August 26, 2013, plaintiff filed a motion to amend her complaint. ECF No. 221. She states that she now "realizes that in order for any existing evidence to be heard by this Court it must be pleaded within her complaint." *Id*. at 2. She adds that she is requesting leave to amend her complaint so she may "include all newly discovered evidence and laws that support her claim in the case." *Id*. Because plaintiff has previously amended her complaint, she may not amend her

complaint "as a matter of course." Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a)(1). Rather, Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187. Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Here, there is no indication that plaintiff, who is appearing *pro se*, unduly delayed in requesting leave to file a fourth amended complaint or that her request was filed in bad faith. In fact, the request for leave to file a fourth amended complaint was filed in response to defendant Kindred's reply, noting that plaintiff's opposition contains numerous factual allegations that are not contained in the complaint. Therefore, it does not appear that plaintiff's failure to include all relevant facts in her complaint was in bad faith. Further, the court cannot say at this time that amendment would be futile. Additionally, it does not appear that defendants will be prejudiced by an amendment.[1] Although defendants have already filed multiple motions to dismiss and to strike the third amended complaint, if plaintiff's fourth amended complaint suffers from the same failures as addressed by defendants regarding the third amended complaint, defendants may move to dismiss the fourth amended complaint on similar grounds. Therefore, defendants have completed little or no work that would be disturbed by granting plaintiff leave to file a fourth

---

[1] The burden of showing prejudice is upon the party opposing the amendment and defendants cannot carry this burden.

amended complaint. Accordingly, plaintiff will be granted an opportunity to file a fourth amended complaint. *See Duong-Tran v. Kaiser Found. Health Plan of the N.W.*, 2008 WL 1909221, at *4-5 (D. Or. Apr. 28, 2008). However, plaintiff has had multiple opportunities to amend her complaint. Any further motions to amend will be looked upon with disfavor.

Therefore, the pending motions to dismiss and to strike, ECF Nos. 185, 187, 188, 192, 193, 194, 195, 205, 206 are denied as moot. Plaintiff's fourth amended complaint will supersede the third amended complaint. Therefore, the motions to dismiss that complaint are moot. *See Ramirez v. Silgan Containers*, 2007 WL 1241829, at *6 (Apr. 26, 2007).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 26, 2013 motion to amend her complaint, ECF No. 221, is granted.

2. Within thirty days from the date of this order, plaintiff shall file a fourth amended complaint.

3. Defendants' motions to dismiss and to strike, ECF. Nos. 185, 187, 188, 192, 193, 194, 195, 205, 206, are denied as moot and the October 23, 2013 hearing thereon is vacated.

4. Defendants shall file a response to plaintiff's fourth amended complaint within the time prescribed in the Federal Rules of Civil Procedure.

5. The status (pretrial scheduling) conference currently set for November 20, 2013 is continued to February 26, 2014 at 10:00 a.m. in Courtroom No. 8.

6. On or before February 12, 2014, the parties shall file status reports, as provided in the October 20, 2011 order.

DATED: October 21, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE