UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKIE L. CHIPMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>MARCIA F. NELSON, M.D., ENLOE MEDICAL CENTER, JOSEPH M. MATTHEWS, M.D., GERARD R. VALCARENGHI, M.D., DALE J. WILMS, M.D., DINESH VERMA, M.D., ATTILA KASZA, M.D., JANE STANSELL, DIRK POTTER, JULIE CLARK-MARTIN, BRENDA BOGGS-HARGIS, KINDRED HOSPITAL SACRAMENTO, EVA LEW, M.D., MARK AVDOLAVIC, M.D., and DOES 1 through 25,<br><br>    Defendants. | No.  2:11-cv-2770-TLN-EFB PS<br><br><br><br>ORDER |

This action proceeds on Plaintiff's fourth amended complaint. ECF No. 246. The complaint alleges various federal and state law claims on behalf of Plaintiff Rickie Chipman, in her individual capacity ("Plaintiff"), Plaintiff's deceased mother (the "decedent"), and Plaintiff's deceased father ("Mr. Martin"), against fourteen defendants.[1]  Id.  The complaint alleges the

---

[1] Mr. Martin was alive at the time this action was initiated, but died on November 29, 2012. Pl.'s Ex. E, ECF No. 246-5 at 4.

1

1   following causes of action: (1) civil rights violations of Title III and V of the Americans with
2   Disabilities Act, the Rehabilitation Act, and California Code of Regulations, Title 22, Section
3   70707; (2) willful misconduct; (3) elder abuse and negligence; (4) medical battery; (5) perjury;
4   (6) malicious prosecution; (7) interference with contract for economic advantage; (8) fraudulent
5   concealment; (9) constructive fraud; (10) conspiracy; (11) severe intentional emotional distress;
6   and (12) wrongful death/survival action.  Id.  All fourteen defendants moved to dismiss the FAC.
7   ECF Nos. 248, 249, 257, 258, 259, 262, 266, 277, 297.

8   On September 10, 2014, the magistrate judge filed findings and recommendations herein
9   which were served on all parties and which contained notice to all parties that any objections to
10  the findings and recommendations were to be filed within fourteen days.  ECF No. 330.  Plaintiff
11  has timely filed objections to the findings and recommendations.  ECF No. 333.

12  The magistrate judge recommended that Plaintiff's fourth amended complaint be
13  dismissed without leave to amend, finding that Plaintiff failed to state claims for relief as to the
14  federal claims.  ECF No. 330 at 9-14.  The magistrate judge further found that the federal claims
15  brought on behalf of the decedent and Mr. Martin must be dismissed because Plaintiff,
16  proceeding pro se, cannot pursue claims on behalf of others.  Id. at 8.  Finally, the magistrate
17  judge recommended that the court decline supplemental jurisdiction over the purported state law
18  claims.  Id.

19  This court reviews de novo those portions of the proposed findings of fact to which
20  objection has been made.  28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore
21  Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982).  As
22  to any portion of the proposed findings of fact to which no objection has been made, the court
23  assumes its correctness and decides the motions on the applicable law.  See Orand v. United
24  States, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are
25  reviewed de novo.  See Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

26  The Court has reviewed the applicable legal standards and, good cause appearing,
27  concludes that it is appropriate to adopt the proposed findings and recommendations.  However,
28  Plaintiff will be given leave to amend.  Plaintiff states in her objections that she "just discovered,

at this late date, that I cannot legally speak to any civil rights violated for my deceased parents and maintain Diversity Jurisdiction. Therefore, I am speaking for myself, in first person, as Plaintiff Pro Se." ECF No. 333 at 2. Plaintiff argues that this Court would have diversity jurisdiction over claims brought on her behalf because she is a resident of Washington and the amount in controversy exceeds $75,000. Id. It appears from this that Plaintiff now wishes to abandon any claims she alleged on behalf of the decedent and Mr. Martin's estate, and proceed in this court only with claims that are personal to her. From the allegations of the complaint, it is not clear that this court would have diversity jurisdiction over any such claims.

For complete diversity to be present, all plaintiffs must be diverse from all defendants. Faysound, Ltd. v. United Coconut Chems., Inc., 878 F.2d 290, 294-95 (9th Cir. 1989). The existence of federal jurisdiction is based upon the facts as they existed at the time the action was commenced. Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986). There is, however, an exception to this "time-of-filing" rule. A defect in diversity jurisdiction may be cured by dismissal of the party that destroys diversity. See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 597, 573 (2004) ("curing a jurisdiction defect [by dismissing the party that destroys diversity has] long been an exception to the time-of-filing rule.").

The factual allegations asserted on behalf of decedent's estate defeat complete diversity. Plaintiff alleges that at the time death the decedent was a resident of Butte County, which is located in California. ECF No. 246 at 39. While Plaintiff is a resident of Washington, "the legal representative of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). Furthermore, the Plaintiff alleges that all defendants are residents of California. Thus, diversity jurisdiction is lacking because Plaintiff alleges claims as the representative of the decedent's estate.

Plaintiff indicates in her objections that the state law claims would include a claim for wrongful death. ECF No. 333 at 2. It does not appear that Plaintiff may proceed on such a claim in this Court. Federal courts have held that in wrongful death actions absent heirs are considered necessary parties. See Backer v. United States, 2014 WL 4267500, * 3 (E.D. Cal. Aug. 26, 2014); A.D. v. California Highway Patrol, 2009 WL 733872 (N.D. Cal Mar. 17, 2009); Estate of

3

Burkhart v. United States, 2008 WL 4067429 (N.D. Cal. Aug. 26, 2008).  It appears from the allegations of the complaint that the decedent's heirs are residents of California and may not be joined without defeating diversity jurisdiction.[2]  As for any other state law claims that Plaintiff intends to assert, it is not clear whether diversity jurisdiction would exist.  However, at a minimum Plaintiff must amend her complaint to omit all claims brought on behalf of the decedent and Mr. Martin's estates.  Given Plaintiff's representations in her objections that she intends to do so, she will be granted an opportunity to submit an amended complaint that states a state law cause of action personal to her that is based on diversity jurisdiction.

The Court adopts the magistrate judge's finding that Plaintiff's federal claims must be dismissed without leave to amend.

Accordingly, it is hereby ORDERED that:

1. The proposed Findings and Recommendations filed September 10, 2014, are ADOPTED in part.

2. Defendants' motions to dismiss, ECF Nos. 248, 249, 257, 258, 259, 262, 266, 277, and 294, are granted.

3. Plaintiff's fourth amended complaint, ECF Nos. 246, 247, is dismissed as follows:

   a. Plaintiff's 42 U.S.C. § 1983 claim, ADA claims, Rehabilitation Act claim, and 26 U.S.C. § 7206 claim, are dismissed without leave to amend; and

   b. Plaintiff's remaining state law claims are dismissed with leave to amend.

4. Plaintiff is granted 30 days from the date of this order to file a fifth amended complaint alleging only state law claims on her own behalf.  The fifth amended complaint must bear the docket number assigned to this case and must be labeled "Fifth Amended Complaint."  Leave to amend is limited to the state law claims alleged in the fourth amended complaint, and is not granted to allege new claims for relief.

Dated: September 30, 2014

Troy L. Nunley
United States District Judge

---

[2] The complaint identifies the Plaintiff (Chipman), Lorraine Coots and Theresa Smith as sisters.  ECF No. 246 at 9.  The attachments to the complaint indicate that Coots and Smith are residents of Chico, California.  ECF No. 246-4 at 3; ECF No. 246-3 at 2.