UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKIE L. CHIPMAN, | No. 2:11-cv-2770-TLN-EFB PS |
| Plaintiff, | |
| v. | ORDER |
| MARCIA F. NELSON, M.D., ENLOE MEDICAL CENTER, JOSEPH M. MATTHEWS, M.D., GERARD R. VALCARENGHI, M.D., DALE J. WILMS, M.D., DINESH VERMA, M.D.,ATTILA KASZA, M.D., JANE STANSELL, DIRK POTTER, JULIE CLARK-MARTIN, BRENDA BOGGS HARGIS,KINDRED HOSPITAL SACRAMENTO, EVA LEW, M.D.,MARK AVDOLAVIC, M.D., and DOES 1through 25, | |
| Defendants. | |

On September 11, 2015, the magistrate judge filed findings and recommendations herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff filed objections on September 24, 2015. Defendant Matthews filed objections on September 24, 2015, which were joined by Defendant Kindred Hospital. Those filings were all considered by the undersigned.[1]

---

[1] In his objections, Defendant Matthews argues that the magistrate judge erroneously concluded that Plaintiff's siblings are not indispensable parties based on the finding that any

1

1   This Court reviews de novo those portions of the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). As to any portion of the proposed findings of fact to which no objection has been made, the Court assumes its correctness and decides the motions on the applicable law. See Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. See Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

The Court has reviewed the applicable legal standards and, good cause appearing, concludes that it is appropriate to adopt the proposed Findings and Recommendations in full. Accordingly, IT IS ORDERED that:

1. The proposed Findings and Recommendations filed September 11, 2015, are adopted;

2. Defendant Kindred's motion to dismiss (ECF No. 338) is GRANTED IN PART, and all of Plaintiff's claims against Kindred, with the exception of her wrongful death claim, are DISMISSED WITHOUT LEAVE TO AMEND;

3. Defendant Lew and Avdalovic's motion (ECF No. 342) is GRANTED IN PART, and all of Plaintiff's claims against Lew and Avdalovic, with the exception of her wrongful death claim, are DISMISSED WITHOUT LEAVE TO AMEND;

4. Defendant Matthews's motion (ECF No. 345) is GRANTED IN PART, and all of

---

wrongful death claim brought by these absent heirs would be barred by the applicable statute of limitations. (ECF No. 406 at 3-7; see ECF No. 403 at 19–20.) Matthews contends that the magistrate judge failed to properly consider whether the absent heirs' claims for wrongful death would be tolled based on Plaintiff's allegations of fraud and concealment. (ECF No. 406 at 3–5.) Matthews also argues that Plaintiff's wrongful death claim against him should be dismissed based on Plaintiff's failure to allege any facts demonstrating that he caused the decedent's wrongful death. (ECF No. 406 at 7–11.) Matthews did not raise the tolling argument in his motion to dismiss. In fact, in regards to Plaintiff's claim for fraudulent concealment, he specifically argued that the complaint contained insufficient allegations to state such a claim. (ECF No. 345-1 at 10–11.) Matthews also failed to previously raise his causation argument. Although the Court has discretion to consider these new arguments, it declines to exercise that discretion. See Akhtar v. Mesa, 698 F.3d 1202, 1208–09 (9th Cir. 2012). Accordingly, Matthews's motion to dismiss is denied as to Plaintiff's wrongful death claim. However, the denial is without prejudice to bringing a fully briefed motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join a party under Rule 19.

Plaintiff's claims against Matthews, with the exception of her wrongful death claim, are DISMISSED WITHOUT LEAVE TO AMEND;

5. Defendants Potter, Valcarenghi, Wilms, Verma, Clark-Martin, Stansell, and Kasza's motions (ECF Nos. 340, 341, 343, 344, 347) are GRANTED and Plaintiff's claims against these Defendants are DISMISSED WITHOUT LEAVE TO AMEND;

6. Plaintiff's motion for default judgment against Defendant Merrifield (ECF No. 372) is DENIED; and

7. Defendant Merrifield's motion to set aside default (ECF No. 375) is GRANTED, and her default is set aside.

Dated:  September 30, 2015

Troy L. Nunley
United States District Judge