UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKIE L. CHIPMAN,<br><br>Plaintiff,<br><br>v.<br><br>MARCIA F. NELSON, M.D., ENLOE MEDICAL CENTER, JOSEPH M. MATTHEWS, M.D., GERARD R. VALCARENGHI, M.D., DALE J. WILMS, M.D., DINESH VERMA, M.D., ATTILA KASZA, M.D., JANE STANSELL, DIRK POTTER, JULIE CLARK-MARTIN, BRENDA BOGGS-HARGIS, KINDRED HOSPITAL SACRAMENTO, EVA LEW, M.D., MARK AVDOLAVIC, M.D., and DOES 1 through 25,<br><br>Defendants. | No.  2:11-cv-2770-TLN-EFB PS<br><br><br><br>ORDER |

Pending before the court are defendants Enloe Medical Center, Brenda Boggs, and Marcia Nelson's motion for judgment on the pleadings (ECF No. 404), defendant Joseph Matthews' motion to dismiss plaintiff's Fifth Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and 12(b)(7) (ECF No. 412), and defendant Kimberly Merrifield's

/////

/////

1

motion to dismiss pursuant to Rule 12(b)(6) (ECF No. 419).[1]  These motions are currently set for hearing on November 18, 2015.  On November 10, 2015, plaintiff filed a request to continue the hearing on these motions.  ECF No. 428.  Defendant Matthews, Enloe Medical Center, Brenda Boggs, and Marcia Nelson oppose the motion.  ECF Nos. 430, 432.  As there is no basis for continuing the hearing, plaintiff's request is denied.

Plaintiff argues that hearing on the motions must be continued so she can acquire "relevant evidence" from the Butte County Public Guardian's Office, Butte County Superior Court, and defendants Enloe Medical Center and Kindred Hospital.  *Id.* at 2.  Plaintiff contends that appearing without the documents she seeks would "be detrimental to [her] case and oral arguments . . . ." *Id.*

The Rule 12(b)(6) and 12(c) motions pending before the court test the sufficiency of the allegations in the complaint, and do not require plaintiff to submit any evidence.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (observing that motions brought under Rules 12(b)(6) and 12(c) are "functionally identical," and that the same legal standards apply to both motions).  Indeed, in deciding a Rule 12(b)(6) or 12(c) motion, "a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).  As the court would not be able to consider any evidence plaintiff presents at oral argument in addressing the merits of the pending motions, plaintiff has failed to show any basis for continuing the hearing.

Accordingly, plaintiff's request to continue the November 18, 2015 hearing (ECF No. 428) is denied.

DATED:  November 12, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1]  This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).