1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RICKIE L. CHIPMAN,                          No.  2:11-cv-2770-TLN-EFB PS

12                  Plaintiff,

13           v.                                  <u>ORDER</u>

14   MARCIA F. NELSON, M.D., ENLOE
     MEDICAL CENTER, JOSEPH M.
15   MATTHEWS, M.D., GERARD R.
     VALCARENGHI, M.D., DALE J.
16   WILMS, M.D., DINESH VERMA, M.D.,
     ATTILA KASZA, M.D., JANE
17   STANSELL, DIRK POTTER, JULIE
     CLARK-MARTIN, BRENDA
18   BOGGSHARGIS, KINDRED HOSPITAL
     SACRAMENTO, EVA LEW, M.D.,
19   MARK AVDOLAVIC, M.D., and DOES 1
     through 25,
20
                    Defendants.
21

22

23          This case was before the court on May 18, 2016, for hearing on plaintiff's motions to

24   compel former defendants Dirk Potter and Jane Stansell and non-party Bertha Murrilo's

25   compliance with subpoenas (ECF Nos. 473, 477, 482), and defendant THC Orange County, Inc.

26   dba Kindred Hospital Sacramento's ("Kindred") motion to compel responses to discovery

27   /////

28   /////

                                                 1

1  requests (ECF No. 483).[1]  Attorney Wendy Green appeared on behalf of Dirk Potter and attorney

2  William Munoz appeared on behalf of Jane Stansell; plaintiff appeared pro se.

3      For the reasons stated on the record, plaintiff's motions to compel (ECF No. 473, 477,

4  482) are denied and Kindred's motion to compel (ECF No. 483) is granted.  By no later than June

5  29, 2016, plaintiff shall provide completed responses to Kindred's Special Interrogatories, Set 1;

6  Form Interrogatories; and Requests for Production of Documents, Set 1.

7      Furthermore, as stated on the record, plaintiff is ordered to pay Dirk Potter, Jane Stansell,

8  and Kindred the reasonable expenses incurred in litigating the motions to compel.  *See* Fed. R.

9  Civ. P. 37(a)(5)(A) (if a motion to compel is granted, the court must require the party whose

10  conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the

11  motion); Fed. R. Civ. P. 37(a)(5)(B) (if a motion to compel is denied, the court must require the

12  movant to pay the reasonable expenses incurred in opposing the motion).  Counsel for Potter,

13  Stansell, and Kindred have each submitted a declaration detailing the purported expenses

14  incurred.  ECF Nos. 504, 505, 514.  The court addresses the reasonableness of each party's

15  request for fees below.[2]

16  I.    Standard for Assessing Fees

17      In assessing the reasonableness of a request for attorney's fees, courts use the lodestar

18  method.  *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003).  In applying the lodestar

19  method, "a district court must start by determining how many hours were reasonably expended on

20  the litigation, and then multiply those hours by the prevailing local rate for an attorney of the skill

21  required to perform the litigation."  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir.

---

[1]  The court also heard defendants Mark Avdalovic's and Eva Lew's motion for summary judgment.  ECF No. 481.  That motion will be addressed in separate findings and recommendations.

[2]  Following the hearing, plaintiff submitted a declaration objecting to the court awarding Potter, Stansell, and Kindred the reasonable expenses they incurred in litigating the discovery motions.  ECF No. 515.  Aside from her general objection to an award of fees, plaintiff provides no basis for denying reasonable fees to these parties.  Although she argues that having to reimburse Potter, Stansell, and Kindred their expenses will create an "undue hardship" (*id*. at 3), her conclusory statement is insufficient to show that "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A) and (B).

2008).  "In addition to computing a reasonable number of hours, the district court must determine a reasonable hourly rate to use for attorneys and paralegals in computing the lodestar amount." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013).  "The Supreme Court has consistently held that reasonable fees 'are to be calculated according to the prevailing market rates in the relevant community.'" *Van Skike v. Dir. Off. Of Workers' Comp. Programs*, 557 F.3d 1041, 1046 (9th Cir. 2009).

II.     Dirk Potter

        Mr. Potter seeks an award of fees in the amount of $2,682.00 for 14.9 hours of work performed by attorney Wendy Green at a rate of $180 per hour, plus $6.35 in costs.  The court finds Ms. Green's hourly rate is more than reasonable for legal work performed in this district.  However, the 14.9 hours of work performed by counsel includes the performance of tasks that were not directly related to opposing plaintiff's motion to compel.  Ms. Green seeks reimbursement for work related to reviewing plaintiff's subpoena and preparing objections, work performed prior to plaintiff filling her motion to compel.  Under Rule 37, Ms. Green, on behalf of her client, may recover the reasonable fees incurred in opposing plaintiff's motion to compel.  *See* Fed. R. Civ. P. 37(a)(5)(B) (If a motion to compel is denied, the court must require the movant to pay the party "who opposed the motion its reasonable expenses *incurred in opposing the motion*") (emphasis added).  Thus, some courts have awarded fees for successful litigation of a motion to compel but refused to award fees for the tasks of preparing the underlying discovery request or reviewing and responding to an underlying subpoena or discovery request.  *Alutiiq International Solutions, LLC v. Lyon,* 2012 WL 4182026 (D. Nev. Sept. 17, 2012); *Catapult Communications, Corp. v. Foster*, 2009 WL 2707040 (N.D. Ill., Aug. 25, 2009).  Whether an award for those tasks is ever compensable under the rule is not clear.  While a reasonable argument can be made that the task involved in initially responding to a subpoena or discovery demand that has since been determined to be improper or harassing was work necessarily incurred in opposing a motion to compel,[3] there is little guidance in the caselaw.  In any event, the court exercises its discretion

---

        [3]  One could hardly prepare an opposition to a motion to compel compliance with an inappropriate discovery demand without timely reviewing and responding to it.

1  here to limit the fee award to only those hours involved in the actual litigation of the plaintiff's

2  motion.  In doing so, the court is fashioning a discovery sanction that both deters future discovery

3  abuses in this case as well as reimburses defendant for some of the costs incurred as a result of

4  those abuses.  Thus, the court reduces Mr. Potter's total hours by 5.5 hours for all work performed

5  prior to plaintiff filing her motion to compel.  *See* ECF No. 504-1 at 2.

6      Mr. Potter is awarded $1,692 for 9.4 hours of work performed at a rate of $180 per hour.

7  The court also finds that Mr. Potter's request for $6.35 in costs for parking fees during the hearing

8  on the motion to compel is reasonable.  Accordingly, plaintiff shall reimburse Mr. Potter in the

9  amount of $1,698.35 for the reasonable expenses incurred in opposing her motion to compel.

10  III.    Jane Stansell

11      Ms. Stansell seeks fees based on 5.1 hours of work by attorney William Munoz at a rate of

12  $240 per hour, 4 hours of work by attorney Robert Lucas at a rate of $210 per hour, and 4.5 by

13  attorney Heather Barnes at a rate of $210 per hour, for a total of $3,009.  While the hourly rates

14  are reasonable for comparable legal services performed in this district, Ms. Stansell's counsel also

15  seeks reimbursement for expenses that are not directly related to opposing plaintiff's motion.

16      Mr. Munoz's declaration indicates that Mr. Lucas spent 4.0 corresponding with Ms.

17  Stansell regarding the subpoena, preparing objections, and researching "the issues involving the

18  attorney-client privilege and attorney work product."  ECF No. 514.  As with Mr. Potter, while

19  these tasks relate to the underlying discovery requests, and in a generalized way relate to work

20  done in opposition to plaintiff's motion to compel, they were not performed directly in opposition

21  to the motion.  Accordingly, the court similarly exercises its discretion to reduce the amount of

22  the award by $840 for the work performed by Mr. Lucas.  Accordingly, plaintiff shall reimburse

23  Ms. Stansell in the amount of $2,169 for the reasonable expenses incurred in opposing her motion

24  to compel.

25  IV.    Kindred

26      Kindred Hospital requests that it be awarded attorney's fees in the amount of $1,760.  The

27  declaration of Kathleen Humphrey, Kindred's counsel, indicates that she spent a total of 8 hours

28  preparing the motion, reviewing plaintiff's opposition and preparing a reply, and attending the

4

1    hearing.  She also provides that her hourly billing rate is $220 per hour.  The hourly rate and

2    number of hours expended are reasonable.  Accordingly, plaintiff shall reimburse Kindred in the

3    amount of $1,760 for the reasonable expenses incurred in bringing its motion to compel.

4    V.    Conclusion

5           Accordingly, it is hereby ORDERED that:

6           1. Plaintiff's motions to compel former defendants Dirk Potter and Jane Stansell and non-

7    party Bertha Murrilo's compliance with subpoenas (ECF Nos. 473, 477, 482) are denied.

8           2. Defendant Kindred's motion to compel plaintiff to provide responses to discovery

9    requests (ECF No. 483) is granted.

10          3. By no later than June 29, 2016, plaintiff shall provide completed responses to

11   Kindred's Special Interrogatories, Set 1; Form Interrogatories; and Requests for Production of

12   Documents, Set 1.

13          4. Within 30 days of the date of this order, plaintiff shall:

14              a.  reimburse former defendant Dirk Potter in the amount of $1,698.35 for the

15   reasonable expenses incurred in opposing her motion to compel.

16              b.  reimburse former defendant Jane Stansell in the amount of $2,169 for the

17   reasonable expenses incurred in opposing plaintiff's motion to compel.

18              c.  reimburse defendant Kindred in the amount of $1,760 for the reasonable

19   expenses incurred in bringing its motion to compel.

20   DATED:  June 14, 2016.

21

22                                 EDMUND F. BRENNAN
                                   UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27

28