1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RICKIE L. CHIPMAN ,                            No. 2:11-cv-2770-TLN-EFB PS

12                  Plaintiff,

13         v.                                        FINDINGS AND RECOMMENDATIONS

14    MARCIA F. NELSON, M.D., et al.,

15                  Defendants.

16

17         Several dispositive motions are pending which are addressed herein.[1]  Defendants Joseph

18    Matthews and Kimberly Merrifield move to dismiss plaintiff's wrongful death claim pursuant to

19    Federal Rule of Civil Procedure ("Rule") 12(b)(6) and 12(b)(7).  ECF Nos. 412, 419.

20    Defendants Enloe Medical Center ("EMC"), Brenda Boggs, and Marcia Nelson move for

21    judgment on the pleadings pursuant to Rule 12(c).  ECF No. 404.  Defendant Merrifield has filed

22    a second motion to dismiss pursuant to Rule 12(b)(6).  ECF No. 452.  Previously dismissed

23    defendants Jane Stansell and Dirk Potter move for entry of judgment pursuant to Rule 54(b).

24    ECF Nos. 448, 450.[2]  For the following reasons, it is recommended that EMC, Boggs, and

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to
Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

[2] The court heard oral argument on the motions by Matthew and Merrifield.  Attorney
Brian Johnson appeared on behalf of defendant Matthews and attorney Lauren Calnero appeared
on behalf of defendant Merrifield.  Plaintiff appeared pro se.  The court determined that oral

1  Nelson's motion for judgment on the pleadings be granted in part and denied in part, that

2  Merrifield's motions to dismiss be granted, and that Matthews's motion to dismiss be denied, and

3  that Stansell and Potter's motions for entry of judgment be denied.

4  I.    Procedural History

5         This action arises out of a dispute between plaintiff Rickie Chipman ("Chipman" or

6  "plaintiff") and defendants over the medical care provided to plaintiff's mother, Mary A. Martin

7  ("decedent").  ECF No. 1.  Numerous motions to dismiss and to strike the original complaint were

8  filed by various defendants.  ECF Nos. 12, 13, 15, 16, 17, 21, 22, 25, 27, 28, 29, 32, 38, 39; *see*

9  *also* 20, 40, 41, 44.  On February 29, 2012, plaintiff filed a single, consolidated opposition to the

10  multiple motions.  ECF No. 49.  In responding to the motions she purported to provide a "more

11  definitive statement" which the court construed as a motion to amend the complaint.  *Id.*  So

12  construed, the motion was granted.  ECF No. 64.

13        Plaintiff then filed a first amended complaint purporting to assert several causes of action

14  against seventeen named defendants.  ECF No. 74.  All defendants moved to dismiss (ECF Nos.

15  76, 77, 78, 79, 80, 83, 85, 87, 94, 95, 96), and on March 28, 2013, the complaint was dismissed

16  with leave to amend, except as to claims barred by California's litigation privilege, plaintiff's

17  claim under California Penal Code section 471.5, plaintiff's false imprisonment claim, and all

18  claims against three defendants (Roberts, Calkins, and O'Mahoney), which were dismissed

19  without leave to amend (ECF Nos. 151, 152).

20        Plaintiff filed a second amended complaint (ECF No. 154) and various defendants again

21  moved to dismiss (ECF Nos. 156, 157, 158, 161, 162, 163, 178).  In response, plaintiff sent a

22  letter to the court (ECF No. 166) which was construed as another motion to amend.  ECF No.

23  179.  So construed, the motion was granted and plaintiff filed a third amended complaint.  ECF

24  No. 180.  Another round of motions to dismiss ensued, again resulting in plaintiff requesting

25  leave to amend her complaint.  ECF No. 221.  That request, too, was granted.  ECF No. 245.

26        Plaintiff filed a fourth amended complaint, alleging claims on plaintiff's behalf and on

27

28  argument would not materially assist in the resolution of the other motions and they were ordered
   submitted on the briefs.  *See* E.D. Cal. 230(g).

1  behalf of the decedent.  ECF Nos. 246, 247.  That complaint also drew various motions to dismiss

2  and/or strike.  ECF Nos. 248, 249, 253, 257, 258, 259, 262, 266, 277, 294.  Proposed findings and

3  a recommendation were issued that the fourth amended complaint be dismissed without leave to

4  amend due to plaintiff's failure to state any federal claims for relief.  That recommendation also

5  recommended that supplemental jurisdiction over the complaint's state law claims be declined.

6  ECF No. 330.  The recommendation was adopted in part and the complaint was dismissed, but the

7  dismissal was with further leave to amend.[3]  ECF No. 334.

8           Thereafter, plaintiff filed her fifth amended complaint, which is now the operative

9  compliant.  ECF No. 336.  Defendants EMC, Boggs, and Nelson filed an answer (ECF No.346),

10  and all other remaining defendants, with the exception of Kimberly Merrifield, moved to dismiss

11  that complaint (ECF Nos. 338, 340, 341, 342, 343, 344, 345, 347).  On September 30, 2015, the

12  court dismissed all claims without leave to amend against seven defendants (Potter, Valcarenghi,

13  Wilms, Verma, Clark-Martin, Stansell, and Kasza), and dismissed all claims, except plaintiff's

14  wrongful death claim, against defendants Kindred Hospital Sacramento ("Kindred"), Lew,

15  Avdalovic, and Matthews without leave to amend.  ECF No. 408.[4]

16           EMC, Boggs, and Nelson now move for judgment on the pleadings under Rule 12(c)

17  (ECF No. 404); Matthews moves, for a second time, to dismiss plaintiff's wrongful death claim

18  under Rule 12(b)(6) and 12(b)(7) (ECF No. 412); and Merrifield-- through two separate motions--

19  moves to dismiss all claims against her pursuant to Rule 12(b)(6) (ECF Nos. 419, 452).

20           Finally, previously dismissed defendants Jane Stansell and Dirk Potter seek immediate

21  entry of judgment pursuant to Rule 54(b).  ECF Nos. 448, 450.

22  _____

23           [3] Plaintiff's objections to the findings and recommendations claimed that she just
     discovered that she could not allege claims on behalf of the decedent without defeating diversity
24  jurisdiction.  ECF No. 333 at 2.  She further indicated that she wanted to abandon all claims on
     behalf of the decedent and proceed in this court only with claims that are personal to her, which
25  would provide complete diversity in this action.  Based on those representations, the court granted
     plaintiff leave "to submit an amended complaint that states a state law cause of action personal to
26  her that is based on diversity jurisdiction."  ECF No. 334 at 4.

27           [4] That order also denied plaintiff's motion for default judgment against defendant
     Merrifield—an individual that was not named as a defendant until the filing of the fifth amended
28  complaint—and granted Merrifield's motion to set aside her default.  ECF No. 408.

1    II.      Motions to Dismiss and Motion for Judgment on the Pleadings

2            A.      Factual Allegations

3            Plaintiff, Rickie Chipman, states that she is a registered nurse residing in Washington

4    State, and is the daughter and heir of Mary A. Martin ("the decedent").  Fifth Am. Compl., ECF

5    No. 336 at 4.[5]  Prior to 2006, the year the decedent began to suffer from dementia, plaintiff was

6    designated to make medical decisions for the decedent.  *Id.*  In May 2010, the decedent was

7    admitted to Enloe Medical Center ("EMC") after plaintiff had concerns that the decedent had

8    sepsis.  ECF No. 336 at 19.  The decedent initially improved upon admittance to EMC.  *Id.*

9    However, plaintiff claims that the decedent eventually began to suffer from a lower gastro-

10   intestinal bleed, which was due to administering unnecessary anticoagulants.  *Id.*  The complaint

11   alleges that plaintiff "witnessed physicians and staff at defendant EMC commit one medical

12   mistake after another and then defendants . . . attempted to cover the mistakes up by performing

13   unnecessary mutilating surgeries and procedures" by falsifying records, committing perjury, and

14   eventually initiating proceedings for a temporary restraining order ("TRO") against plaintiff and

15   her family and for the appointment of a temporary guardian to make medical decisions on the

16   decedent's behalf.  *Id.* at 20-21.  Plaintiff claims that the TRO and conservatorship were obtained

17   by perjury and false information.  *Id.* at 21.

18           On September 21, 2010, the decedent was transferred to Kindred Hospital Sacramento

19   ("Kindred").  *Id.* at 22.  The complaint alleges that Kindred did not have the diagnostic equipment

20   and physicians to properly evaluate and treat the decedent, so plaintiff requested that the decedent

21   be transferred to Mercy Medical Center in Folsom.  *Id.* at 22-23.  The transfer was denied by the

22   court-appointed guardian, and on October 20, 2010, the decedent died.  *Id.* at 22-23.  Plaintiff

23   claims that the decedent's death was due to receiving unnecessary anticoagulants, falsified

24   discharge assessments and failure to transfer the decedent to an appropriate facility.  *Id.* at 24-26.

25   /////

26

27           [5]  Page numbers cited herein refer to the page numbers assigned by the court's case
     management and electronic case filing system (CM/ECF) and not those assigned by the parties.
28

4

1    Plaintiff further contends that the care provided to the decedent by the defendant physicians fell

2    below the applicable standard of care.

3         B.    Legal Standards

4         To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint

5    must contain more than a "formulaic recitation of the elements of a cause of action"; it must

6    contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell*

7    *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . .

8    . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of

9    action." *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp.

10   235236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to

11   'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)

12   (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads

13   factual content that allows the court to draw the reasonable inference that the defendant is liable

14   for the misconduct alleged." *Id.* Dismissal is appropriate based either on the lack of cognizable

15   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

16   *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

17        In considering a motion to dismiss, the court must accept as true the allegations of the

18   complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs*., 425 U.S. 738, 740 (1976), construe

19   the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in

20   the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

21        Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

22   *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its

23   defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before

24   dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d

25   1446, 1448 (9th Cir.1987). However, although the court must construe the pleadings of a pro se

26   litigant liberally, *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985), that liberal

27   interpretation may not supply essential elements of a claim that are not plead. *Pena v. Gardner*,

28   976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268

1   (9th Cir. 1982).  Furthermore, "[t]he court is not required to accept legal conclusions cast in the

2   form of factual allegations if those conclusions cannot reasonably be drawn from the facts

3   alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.1994).  Neither need

4   the court accept unreasonable inferences, or unwarranted deductions of fact.  *W. Mining Council*

5   *v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

6           In deciding a Rule 12(b)(6) motion to dismiss, the court may consider facts established by

7   exhibits attached to the complaint.  *Durning v. First Boston Corp*., 815 F.2d 1265, 1267 (9th Cir.

8   1987).  The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr.*

9   *Ct.*, 828 F.2d at 1338, and matters of public record, including pleadings, orders, and other papers

10  filed with the court.  *Mack v. South Bay Beer Distribs*., 798 F.2d 1279, 1282 (9th Cir. 1986).

11          Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay

12  trial—a party may move for judgment on the pleadings."  "For purposes of a motion under Rule

13  12(c), the allegations of the non-moving party must be accepted as true, and the allegations of the

14  moving party that have been denied are presumed false."  *Hal Roach Studios v. Richard Feiner &*

15  *Co*., 896 F.2d 1542, 1550 (9th Cir. 1990).  A "judgment on the pleadings is appropriate when,

16  even if all allegations in the compliant are true, the moving party is entitled to judgment as a

17  matter of law."  *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993).

18  Thus, a motion under Rule 12(c) is "functionally identical" to a motion to dismiss pursuant to

19  Rule 12(b)(6).  *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

20          C.      Successive 12(b)(6) motions

21          Matthews and Merrifield have each filed two motions to dismiss the fifth amended

22  complaint under Rule 12(b)(6).[6]  *See* ECF Nos. 345, 412, 419, 452.  The multiple motions raises

23  _____

24          [6] Matthews previously moved to dismiss all claims under Rule 12(b)(6).  ECF No. 345.
    His motion was granted in part and, with the exception of the wrongful death claim, all claims
25  against him were dismissed without leave to amend.  ECF Nos. 403, 408.  Matthews again moves
    to dismiss under 12(b)(6), arguing that the complaint does not contain sufficient allegations to
26  state a claim against him for wrongful death.[6]  ECF No. 412.
            As for Merrifield, she erroneously believed that the court *sua sponte* dismissed all claims
27  against her, with the exception of plaintiff's wrongful death claim, prior to her appearance in this
    action.  Thus, her initial Rule 12(b)(6) motion only sought dismissal of plaintiff's wrongful death
28  claim.  ECF No. 419.  Her mistake was addressed at oral argument, and thereafter Merrifield

1    the threshold question of whether their successive 12(b)(6) motions should be permitted.

2         Rule 12(g) places a limit on a party's ability to bring successive motions to dismiss.  That

3    rule provides that: "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under

4    this rule must not make another motion under this rule raising a defense or objection that was

5    available to the party but omitted from its earlier motion."  Rule 12(h)(2) states that the issues of

6    "[f]ailure to state a claim upon relief can be granted, to join a person required by Rule 19(b), or to

7    state a legal defense to a claim may be raised: (A) in any pleading allowed or ordered under 7(a);

8    (B) by a motion under rule 12(c); or (C) at trial."  Fed. R. Civ. P. 12(h)(2).  Rule 12(h)(3)

9    provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the

10   court must dismiss the action."

11        District courts in the Ninth Circuit have found that a waiver under Rule 12(g) applies

12   where successive motions are filed for the sole purpose of delay.  *Kilopass Tech. Inc. v. Sidense*

13   *Corp.*, No. C 10-02066 SI, 2010 WL 5141843, at *3 (N.D. Cal. Dec. 13, 2010) (*citing Abarca v.*

14   *Franklin County Water Dist.*, No. 1:07-CV-0388, 2009 WL 1393508, at *2 (E.D. Cal. May 18,

15   2009)); *see also Allstate Ins. Co. v. countrywide Fin. Corp.*, 824 F. Supp. 2d 1164, 1175 (C.D.

16   Cal. 2011) ("Rule 12(g) is designed to avoid repetitive motion practice delay, and ambush

17   tactics.").  Furthermore, a court has discretion to consider arguments presented in a successive

18   motion for the purpose of expediting final disposition on particular issues.  *Davidson*, 2011 WL

19   1157569, at *4 ("[T]he court has discretion to consider the arguments [in successive motion] to

20   expedite a final disposition on the issue").

21        Here, there is nothing to suggest that either Matthews or Merrifield filed their successive

22   motion for the purpose of delay.  Merrifield's initial motion to dismiss failed to seek dismissal of

23   all claims due to her erroneous assumption that the only claim remaining against her was

24   plaintiff's wrongful death claim.  Although she was clearly mistaken, after learning of her

25   mistake she timely moved to dismiss the other pending claims.  There is also no indication in the

26   record that Matthews is attempting to delay these proceedings.  *See, e.g.,* ECF No. 430 (Def.'s

27

28   moved to dismiss all other claims alleged against her.  ECF No. 452.

1   Opp'n to Pl.'s Mot. to Continue Hearing) ("This case has now been pending for over four years,

2   and granting Plaintiff's request would merely drag it out for another month or two without any

3   intelligent purpose.").

4          Adjudicating the merits of the motions at this time will also avoid further delay of this

5   action.  Declining to decide the successive motions would likely result in Matthews and

6   Merrifield filing answers to the complaint, followed by motions for judgment on the pleadings or

7   for summary judgment raising the same issues currently before the court.  *See* Fed. R. Civ. P.

8   12(h)(2) (permitting defendant to raise failure to state a claim in a Rule 12(c) motion).

9   Accordingly, the court addresses the merits of the successive motions.

10         D.        Claims on Behalf of the Decedent

11         As previously observed by this court, the fifth amended complaint purports to assert

12  several survival claims belonging to the estate of the decedent, and not plaintiff personally.  ECF

13  No. 403 at 6-7; *see Dela Torre v. City of Salinas*, 2010 WL 3743762, at *7 (N.D. Cal. Sept. 17,

14  2010) ("Unlike a wrongful death cause of action, a survival cause of action is not a new cause of

15  action that vests in heirs on the death of the decedent, but rather is a separate and distinct cause of

16  action which belonged to the decedent before death but, by statute, survives the event.").  Under

17  California law, a survival action may be prosecuted by the decedent's personal representative or

18  successor in interest.  Cal. Civ. Proc. Code § 377.30.

19         Although plaintiff alleges that she is the personal representative and successor in interest

20  for the decedent, she is not an attorney and cannot represent the estate.  Thus, to pursue claims on

21  behalf of the estate she must do so through a licensed attorney.  *See Simon v. Hartford Life, Inc*.,

22  546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule

23  prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative

24  capacity.").  This was previously explained to plaintiff in the context of earlier motions.

25  /////

26  /////

27  /////

28         The court also previously explained to plaintiff that she cannot proceed in this court with

8

1  claims on behalf of the decedent because such claims would defeat diversity jurisdiction.[7]  ECF

2  No. 334.  While plaintiff is a resident of Washington, the decedent was a resident of Butte

3  County, California at the time of her death, and "the legal representative of the estate of a

4  decedent shall be deemed to be a citizen only of the same State as the decedent."  28 U.S.C.

5  1332(c)(2).  Accordingly, any claims brought by plaintiff on behalf of the decedent would render

6  this court without subject matter jurisdiction.  Notwithstanding the court's admonishments,

7  plaintiff continues to assert several claims on behalf of the decedent.

8          E.       Plaintiff's Claims

9          Plaintiff's fifth amended complaint purports to assert the following causes of actions: (1)

10  willful misconduct; (2) elder abuse and negligence; (3) medical battery;[8] (4) perjury; (5)

11  malicious prosecution/S.L.A.P.P; (6) interference with contract for economic advantage; (7)

12  fraudulent concealment; (8) constructive fraud; (9) conspiracy; (10) violation of California CCP

13  patient's rights; (11) intentional infliction of emotional distress; and (12) wrongful death.  ECF

14  No. 336 at 26-49.

15                  i.   Willful Misconduct

16          Plaintiff's complaint purports to assert a claim for willful misconduct against all

17  defendants.  ECF No. 336 at 26.

18  /////

19  /////

20  /////

21  /////

22

23  _____

24          [7] Plaintiff's previous complaints alleged claims for violation of federal law.  However, all
    of plaintiff's federal claims have been dismissed without leave to amend, and plaintiff was only

25  granted leave "to submit an amended complaint that states a state law cause of action personal to
    her that is based on diversity jurisdiction."  ECF No. 334 at 4.  While the fifth amended complaint

26  does not allege any federal claims, it does purport to allege state law claims on behalf of the
    decedent.

27
          [8] Plaintiff's medical battery claim is not alleged against defendants Merrifield, EMC,
28  Boggs, or Nelson.  ECF No. 336 at 33.

1    Willful misconduct is not a separate tort, but is an aggravated form of negligence.[9]

2    *Berkley v. Dowds*, 152 Cal. App. 4th 518, 526 (2007).  Plaintiff alleges that each defendant owed

3    a duty of care to the decedent, that they should have known the perils posed by failure to comply

4    with the applicable standards, and that the defendants disregarded the perils and high probability

5    of injury and death to the decedent.  ECF No. 336 at 27.  She further claims that the defendants

6    "failed to follow the health care decisions of Decedent's health care agent, Plaintiff, Rickie L.

7    Chipman."  *Id*. at 27.

8        As the court concluded on the earlier motion, plaintiff's willful misconduct claim is

9    predicated on defendants' alleged breaches of duty owed to the decedent, and not to plaintiff.

10   This claim is not personal to plaintiff but rather one that belonged to the decedent before her

11   death.  As plaintiff can only assert claims personal to her and cannot proceed in this court on

12   claims on behalf of the decedent, she fails to state a claim for willful misconduct against

13   Merrifield, EMC, Nelson, and Boggs.

14                    ii.   Elder Abuse and Negligence

15       Plaintiff also alleges claims for elder abuse and negligence against Merrifield, EMC,

16   Nelson, and Boggs.  ECF No. 336 at 31–33.  These claims, again, stem from alleged injuries to

17   the decedent.  The complaint alleges that the decedent was over the age of 65, that all defendants

18   committed neglect, and that as a result the decedent sustained injuries, elder abuse, and wrongful

19   death.  *Id*. at 31.  These allegations clearly demonstrate that the injured party was the decedent

20   and therefore these claims belong to the decedent's estate and not plaintiff personally.  Plaintiff

21   does allege that she "sustained Intentional Infliction of Emotion Distress from the witnessing and

22   knowledge" of defendants' conduct.  *Id*. at 31–32.  However, intentional infliction of emotional

23   _____

24       [9] Although the pleading requirements for willful misconduct are similar to a negligence
     claim, they require more specific facts to state a claim for willful misconduct.  *Berkley*, 152 Cal.
25   App. 4th at 526 (citing *Snider v. Whitson*, 184 Cal. App. 2d 211, 214-215 (1960) (plaintiff is
     required to "state facts more fully than in an ordinary negligence claim.")).  "[T]he well-known
26   elements of any negligence cause of action [are] duty, breach of duty, proximate cause and
     damages."  *Id*. at 526, 7 Cal.Rptr. 353.  In addition, "three essential elements must be present to
27   raise a negligent act to the level of willful misconduct: (1) actual or constructive knowledge of the
     peril to be apprehended, (2) actual or constructive knowledge that injury is a probable, as opposed
28   to a possible, result of the danger, and (3) conscious failure to act to avoid the peril."  *Id*. at 528.

1  distress is a separate cause of action from elder abuse and negligence, and plaintiff's allegation

2  that she sustained emotional injuries on account of defendants' conduct cannot transform claims

3  belonging to the decedent's estate into claims personal to plaintiff.

4      Furthermore, the complaint does not contain any allegations to support a claim for

5  negligence belonging to plaintiff.  To assert a claim for professional malpractice, plaintiff must

6  allege that defendants breached a duty of care owed to her.  *Avivi v. Centro Medico Urgente*

7  *Medical Center*, 159 Cal. App. 4th 463, 468 n. 2 (2008).  While plaintiff generally alleges that

8  defendants owed a "duty of honesty," she has failed to allege any facts demonstrating that these

9  defendants owed her, as the decedent's daughter, a duty of care.  *See Rainer v. Grossman*, 31 Cal.

10  App. 3d 539, 543 (1973) ("In the usual case of medical malpractice the duty of care springs from

11  the physician-patient relationship which is basically one of contract.").

12      Accordingly, plaintiff fails to state a claim for elder abuse and negligence against

13  Merrifield, EMC, Nelson, and Boggs.

14          iii.   Perjury

15      Plaintiff's also purports to allege a perjury claim against Nelson, EMC, Boggs, and

16  Merrifield.  However, California law does not recognize a civil action for perjury.  *Carden v.*

17  *Getzoff*, 190 Cal. App. 3d 907, 915 (1987) (citing *Taylor v. Bidwell*, 65 Cal. 489, 490 (1884)).

18  Plaintiff therefore may not maintain her claim for perjury against these defendants.

19          iv.   Malicious Prosecution/S.L.A.P.P

20      Plaintiff's fifth cause of action, which is asserted against Nelson, EMC, Boggs, and

21  Merrifield, is entitled malicious prosecution/Strategic Lawsuit Against Public Participation

22  (S.L.A.P.P.), and appears to be a claim for malicious prosecution.  This claim arises out of the

23  moving defendants' involvement in seeking a TRO and the appointment of a conservatorship to

24  make medical decisions on behalf of the decedent.  *Id*. at 38-40.

25      This court previously concluded that plaintiff cannot pursue a claim for malicious

26  prosecution against defendants in relation to the TRO and conservatorship proceedings.  In

27  plaintiff's first amended complaint, plaintiff alleged a claim for defamation against defendants

28  Clark-Martin, Boggs, Nelson, Matthews, and EMC based on their roles in filing the action

1  seeking a TRO.  ECF No. 74 at 6–7.  Those defendants moved to dismiss the defamation claim on

2  the ground that it was barred by California's litigation privilege.  ECF No. 76 at 12–14; ECF No.

3  80 at 11-12; ECF No. 134.  The court found that the defamatory statements were all made to the

4  state court in seeking a TRO, and therefore were protected by California's litigation privilege.

5  ECF No. 151.  The court observed that the litigation privilege serves as an absolute bar, unless

6  plaintiff can allege malicious prosecution.  *Id*.  The record before the court established that

7  plaintiff could not succeed on a claim of malicious prosecution.

8       "In order to state a cause of action for malicious prosecution the plaintiff must allege that

9  the prior action (1) was commenced by or at the direction of the defendant and pursued to a legal

10 termination in plaintiff's favor; (2) was brought without probable cause; and (3) was initiated

11 with malice."  *Sagonowsky v. More*, 64 Cal. App. 4th 122, 128 (1998).  This court found that

12 plaintiff could not state a claim for malicious prosecution because a court transcript, submitted

13 with the first amended complaint as an exhibit, demonstrated that the conservatorship case was

14 dismissed due to the decedent no longer being a patient at EMC, and thus EMC no longer having

15 an interest in pursuing the conservatorship.  ECF No. 151 at 13; *see* ECF No. 74 at 62.  Based on

16 these facts, plaintiff could not show that the prior action was pursued to a legal termination in

17 plaintiff's favor.  Thus, the court concluded that "plaintiff cannot allege a malicious prosecution

18 claim here" and plaintiff's defamation claim was dismissed without leave to amend.[10]

19      Although the court's prior ruling was in relation to a claim for defamation, the court

20 nevertheless concluded that plaintiff cannot succeed on a claim for malicious prosecution.

21               v.  Interference with Contract for Economic Advantage

22      Plaintiff also alleges a claim for interference with a contract for economic advantage

23 against defendants Nelson, EMC, Boggs, and Merrifield.  ECF No. 336 at 40–41.

24 _____

25 [10] The court's March 13, 2013, findings and recommendations also found that California's
   anti-SLAPP statute was inapplicable here as plaintiff failed to allege that there is currently a
26 complaint against her.  ECF No. 151; *see* Cal. Civ. Proc. Code § 425.16 (providing a mechanism
   for dismissing SLAPP actions, which are pending lawsuits that "masquerade as ordinary lawsuits
27 but are brought to deter common citizens from exercising their political or legal rights or to
   punish them for doing so," before costly litigations ensue).  The fifth amended complaint also
28 fails to allege that there is currently a complaint against plaintiff.

"The elements which a plaintiff must plead to state the cause of action for intentional interference with contractual relations are (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Pacific Gas & Electric Co. v. Bear Stearns & Co*., 50 Cal. 3d 1118, 1126 (1990) (citations omitted). "The tort of interference with prospective economic advantage protects the same interest in stable economic relationships as does the tort of interference with contract, though interference with prospective advantage does not require proof of a legally binding contract. The chief practical distinction between interference with contract and interference with prospective economic advantage is that a broader range of privilege to interfere is recognized when the relationship or economic advantage interfered with is only prospective." *Id*. (citations and fn. omitted). "To prevail on a cause of action for intentional interference with prospective economic advantage in California, a plaintiff must plead and prove (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) the defendant's intentional acts designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the defendant's acts." *Reeves v. Hanlon*, 33 Cal. 4th 1140, 1152 n. 6 (2004) (citation omitted).

Plaintiff alleges that these defendants, in an attempt to prevent litigation for malpractice, falsified court documents in order to obtain a state guardian. ECF No. 336 at 40. Plaintiff further alleges that defendants billed Medicare and Blue Shield for over four million dollars. *Id*. at 41. She also claims that defendants breached their fiduciary duty to disclose information and that such breaches were financially motivated. *Id*.

Plaintiff does not, however, allege the existence of an economic or contractual relationship between her and a third-party, nor has she alleged any economic damages. Accordingly, she fails to state a claim for interference with a contract and/or economic advantage.

/////

/////

13

1                      vi.   Fraudulent Concealment

2         Plaintiff also alleges a claim for fraudulent concealment against defendants Nelson and

3 EMC.  ECF No. 336 at 41-43.  "The elements of an action for fraud and deceit based on

4 concealment are: (1) the defendant must have concealed or suppressed a material fact, (2) the

5 defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must

6 have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the

7 plaintiff must have been unaware of the fact and would not have acted as he did if he had known

8 of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the

9 fact, the plaintiff must have sustained damage."  *Boschma v. Home Loan Center, Inc*., 198 Cal.

10 App. 4th 230, 248 (2011).  "In all averments of fraud . . . , the circumstances constituting fraud . .

11 . shall be stated with particularity."  Fed. R. Civ. P. 9(b).  The allegations must be "specific

12 enough to give defendants notice of the particular misconduct which is alleged to constitute the

13 fraud charged so that they can defend against the charge and not just deny that they have done

14 anything wrong."  *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).  In addition to the

15 "time, place and content of an alleged misrepresentation," a complaint "must set forth what is

16 false or misleading about a statement, and . . . an explanation as to why the statement or omission

17 complained of was false or misleading."  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993, n. 10 (9th

18 Cir. 1999).  The complaint must also name the persons who made the allegedly fraudulent

19 statements.  *See Morris v. BMW of N. Am*., LLC, 2007 WL 3342612, at *3 (N.D. Cal. Nov. 7,

20 2007) (citing *In re Glenfed, Inc. Sec. Litig*., 42 F.3d 1541, 1547–48 n. 7 (9th Cir. 1994) (en

21 banc)).

22         Plaintiff alleges that defendant Nelson falsified information about the decedent's family,

23 home care that was provided to the decedent, and that Nelson was decedent's primary care

24 physician prior to her being hospitalized.  ECF No. 336 at 7.  Plaintiff further alleges that Nelson

25 knowingly and maliciously concealed information regarding her malpractice, medical battery,

26 negligence, and self-interest and that she concealed accurate information to block decedent's

27 transfer to another medical facility.  ECF No. 336 at 42.  Although plaintiff does allege specific

28 information that Nelson allegedly concealed, plaintiff provides no allegations that Nelson

1   concealed this information with an intent to defraud plaintiff.  *See Boschma*, 198 Cal. App. 4th at

2   248.  Plaintiff also fails to allege reliance.  "Reliance can be proven in a fraudulent omission case

3   by establishing that had the omitted information been disclosed, the plaintiff would have been

4   aware of it and acted differently."  *Id*. at 250-251.  Plaintiff provides no allegations demonstrating

5   that she would have acted differently had this information not been concealed.

6        Plaintiff further alleges that EMC employed the staff that caused the direct harm and

7   allowed for false charges to be alleged against plaintiff.  ECF No. 336 at 10.  Plaintiff generally

8   alleges that EMC knowingly and maliciously concealed information and facts ultimately having a

9   negative impact on the treatment of the decedent.  *Id.* at 42.  These general allegations fail to

10  comply with the enhanced pleading standard required for stating a claim for fraud under Rule 9.

11  *See Semegen*, 780 F.2d at 731.  Furthermore, plaintiff fails to allege that she relied on any

12  particular false statement made by EMC's staff.  Accordingly plaintiff fails to state a claim for

13  fraudulent concealment against Nelson and EMC.

14                vii.   Constructive Fraud

15       Plaintiff also alleges a claim for constructive fraud against Nelson, EMC, and Merrifield.

16  ECF No. 336 at 43-46.

17       Under California law, "[c]onstructive fraud is a unique species of fraud applicable only to

18  a fiduciary or confidential relationship."  *Assilzadeh v. Cal. Fed. Bank*, 82 Cal. App. 4th 399, 415

19  (2000).  Under this theory of liability, "a fiduciary is liable to his principal for constructive fraud

20  even though his conduct is not actually fraudulent."  *Salahutdin v. Valley of California, Inc.*, 24

21  Cal. App. 4th 555, 562 (1994).  "[C]onstructive fraud comprises any act, omission or concealment

22  involving a breach of legal or equitable duty, trust or confidence which results in damages to

23  another even though the conduct is not otherwise fraudulent."  *Assilzadeh*, 82 Cal. App. 4th at

24  415.  "Thus, constructive fraud mirrors actual fraud but replaces the requirement of scienter with

25  the requirement of a fiduciary duty."  *Beco Dairy Automation, Inc. v. Global Tech Sys., Inc*., No.

26  CV–F12–1310 LJO SMS, 2012 WL 4052066, at *8 (E.D. Cal. Sept. 14, 2012).

27       Aside from plaintiff's conclusory statements that defendants owed her a duty of honesty,

28  plaintiff's complaint is completely devoid of any facts indicating that defendants Nelson, EMC or

1   Merrifield owed her a fiduciary duty.  Accordingly, plaintiff has failed to state a claim for

2   constructive fraud.

3                    viii.   Conspiracy

4        Plaintiff's ninth cause of action is for conspiracy and is alleged against defendants Nelson,

5   EMC, Boggs, and Merrifield.  ECF No. 336 at 46-47.

6        A conspiracy is not an independent cause of action, but is instead "a legal doctrine that

7   imposes liability on persons who, although not actually committing a tort themselves, share with

8   the immediate tortfeasors a common plan or design in its perpetration." *Applied Equip. Corp. v.*

9   *Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510-11 (1994); *see also Entertainment Research Group,*

10  *Inc. v. Genesis Creative Group, Inc*., 122 F.3d 1211, 1228 (9th Cir.1997).  Thus, to properly state

11  a claim for imposing liability under a conspiracy basis, plaintiff must not only properly allege

12  facts showing the elements for the underlying cause of action, she must also satisfy the elements

13  for establishing conspiracy.  Liability for civil conspiracy generally requires three elements: (1)

14  formation of a conspiracy (an agreement to commit wrongful acts); (2) operation of a conspiracy

15  (commission of the wrongful acts); and (3) damage resulting from operation of a conspiracy.  *Id.*

16  at 511.  A civil conspiracy is therefore activated by the commission of an underlying wrongful

17  act.  *Id.*

18       Plaintiff alleges that these defendants conspired to illegally abduct the decedent from her

19  family with perjury and fraudulent statements, and conspired to circumvent plaintiff's legal right

20  to provide informed consent for her mother.  ECF No. 336 at 46.  She further alleges that

21  "Merrifield sent a letter, dated October 20, 2010, the day of Decedent's wrongful death, stating

22  the temporary guardians were to remain in place, thereby keeping her position in place." *Id.*

23  Plaintiff also contends that the "conspiracy set and kept in motion all other Cause of Actions [sic]

24  as aforesaid herein, including intentional infliction of severe emotional distress, elder abuse and

25  wrongful death." *Id.* at 47.

26       As is the case with the vast majority of the claims, the conspiracy claim is predicated, at

27  least in part, on an injury sustained to the decedent.  Again, plaintiff cannot assert a conspiracy

28  claim on the decedent's behalf.

As for the contention that these defendants conspired to deprive plaintiff of her rights to provide informed consent to her mother, the court has already concluded that such a conclusory allegation is insufficient to state a cause of action for conspiracy.  ECF No. 403 at 16.  Moreover, plaintiff, rather than connecting her conspiracy claim to an underlying cause of action, simply concludes that the "conspiracy set and kept in motion all other" causes of action.  Plaintiff also does not allege any facts demonstrating an agreement between the parties, nor does she allege the commission of wrongful acts in furtherance of the agreement.  Rather, she concludes that defendants conspired to violate her right to provide informed consent, and identifies a single letter sent by Merrifield.  These conclusory allegations fail to demonstrate the existence of a conspiracy.  Accordingly, plaintiff fails to state a claim for conspiracy against Nelson, EMC, Boggs, and Merrifield.

### ix.   Violation of California CCP Patient Rights

Plaintiff alleges that all defendants violated California Code of Regulation, Title 22, Section 70707 "when they intentionally isolated Decedent from her family . . ., and illegally removed Decedent's designated health care decision maker."  ECF No. 336 at 47-48.  Plaintiff also alleges that defendants violated section 70707 by committing fraud, lying, committing perjury, and altering the decedent's records.  *Id.*

As this court previously explained, the only patient at issue in the action is the decedent, and therefore any rights that were violated belonged to the decedent and not plaintiff.  Accordingly, plaintiff fails to state a claim for violation of California Code of Regulation, Title 22, Section 70707.

### x.   Intentional Infliction of Emotional Distress

Plaintiff's complaint also asserts a claim for intentional infliction of emotional distress against the moving defendants.  ECF No. 336 at 48.

"In order to establish a claim for intentional infliction of emotional distress under California law, [plaintiff is] required to show (1) that the defendant's conduct was outrageous, (2) that the defendant intended to cause or recklessly disregarded the probability of causing emotional distress, and (3) that the plaintiff's severe emotional suffering was (4) actually and

1   proximately caused by defendant's conduct." *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir.

2   2004). "Only conduct 'exceeding all bounds usually tolerated by a decent society, of a nature

3   which is especially calculated to cause, and does cause, mental distress' is actionable." *Brooks v.*

4   *United States*, 29 F. Supp. 2d 613, 617-18 (N.D. Cal. 1998). Where defendant's "conduct was

5   directed primarily at" plaintiff's decedent, recovery is limited to "'the most extreme cases of

6   violent attack, where there is some especial likelihood of fright or shock.'" *Christensen v.*

7   *Superior Court*, 54 Cal. 3d 868, 905 (1991) (quoting *Ochoa v. Superior Court*, 39 Cal. 3d 159,

8   165 n. 5 (1985), *accord Coon v. Joseph*, 192 Cal. App. 3d 1269 (1987)).

9        Plaintiff alleges that defendants' conduct caused harm and the wrongful death of the

10   decedent, thereby causing plaintiff severe emotional distress. ECF No. 336 at 48. She further

11   claims that defendants' "conduct was intentional, extreme, outrageous and beyond all possible

12   bounds of decency that is tolerated in a civilized society." *Id.*

13        As the complained of activity is not directed towards plaintiff, but to a third-party, to

14   qualify as actionable conduct, defendants' activity against the decedent must be among "'the most

15   extreme cases of violent attack.'" *Christensen*, 54 Cal. at 905. Despite plaintiff's hyperbole, the

16   complaint essentially alleges that procedures performed on the decedent were unnecessary, that

17   the care provided was deficient, and that defendants impermissibly blocked the transfer of the

18   decedent to a facility that could provide her with adequate care. Such conduct is akin to medical

19   malpractice and is not, as plaintiff in conclusory fashion suggests, tantamount to a violent attack

20   or other extreme and outrageous conduct. Accordingly, plaintiff fails to state a claim for

21   intentional infliction of emotional distress.

22              xi.   Wrongful Death

23        Plaintiff's last cause of action is for wrongful death. ECF No. 336 at 23. Defendants

24   Nelson, EMC, Boggs, Merrifield and Matthews all content that plaintiff has failed to sufficiently

25   state a wrongful death claim. Matthews, also moves to dismiss pursuant to Rule 12(b)(7) for

26   failure to join necessary parties.

27        Wrongful death actions may be brought by a decedent's children. Cal. Civ. Proc. Code

28   § 377.60(a). "The elements of the cause of action for wrongful death are the tort (negligence or

18

1    other wrongful act), the resulting death, and the damages, consisting of the pecuniary loss

2    suffered by the heirs." *Quiroz v. Seventh Ave. Center*, 140 Cal. App. 4th 1256, 1263 (2006);

3    *Wright v. City of Los Angeles*, 219 Cal. App. 3d 318, 344, 358 (1990).  For a wrongful death

4    action to survive a motion to dismiss, "the complaint must contain allegations as to all elements

5    of actionable negligence."  *Van Horn v. Hornbeak*, 2009 WL 435104 (E.D. Cal. Feb.19, 2009)

6    (citing *Jacoves v. United Merchandising Corp.*, 9 Cal. App. 4th 88, 105 (1992)).  To allege

7    professional negligence, plaintiff must allege (1) the duty of the professional to use such skill,

8    prudence, and diligence as other members of his profession commonly possess and exercise; (2) a

9    breach of that duty; (3) a proximate causal connection between the negligent conduct and the

10   resulting injury; and (4) actual loss or damage resulting from the professional negligence.

11   *Fuentes v. County of Madera*, 2006 WL 3087172 (E.D. Cal. Oct. 30, 2006) (citing *Elcome v.*

12   *Chin*, 110 Cal. App. 4th 310, 317 (2003)).

13          "[I]t is a fundamental principle of tort law that there must be a legal duty owed to the

14   person injured and a breach of that duty which is the proximate cause of the resulting injury."

15   *Ileto v. Glock, Inc.,* 349 F.3d 1191, 1206.  Although the determination as to whether an act is the

16   proximate cause of an injury is generally a question of fact, "it is a question of law where the

17   facts are uncontroverted and only one deduction or inference may reasonably be drawn from

18   those facts."  *Id*.  Causation for a wrongful death claim is satisfied only where, "in the absence of

19   other reasonable causal explanations, [a defendant's negligent act] becomes more likely than not

20   [] the injury was a result" of the negligence.  *Fuentes*, 2006 WL 3087172 (citing *Jennings v.*

21   *Palomar Pomerado Health Systems, Inc.*, 114 Cal. App. 4th 1108, 1118 (2003)).

22          Defendants advance several arguments, many specific to individual defendants, as to why

23   the allegations of the current complaint fail to state a wrongful death claim.  Each is addressed in

24   turn.

                              1.   Merrifield

26          Merrifield argues that wrongful death claim as to her must be dismissed because: (1) the

27   claim is barred by the statute of limitation; (2) plaintiff has not complied with the California

28   Government Tort Claims Act; (3) plaintiff fails to state a claim for which relief may be granted

1    because Merrifield did not owe plaintiff a duty; (4) plaintiff cannot show that Merrifield caused

2    the decedent's death; and (5) the claim is barred by California Government Code section 821.6.

3    ECF No. 419 at 2.  For the reasons discussed below, the claim is untimely.

4         The statute of limitations for a death caused by wrongful act or negligence is two years for

5    non-medical providers such as Merrifield.  Cal. Civ. Proc. Code § 335.1.  Decedent died on

6    October 20, 2010.  Accordingly, plaintiff was required to file her wrongful death claim against

7    Merrifield by October 20, 2012.  Although this action was initiated on October 20, 2011,

8    Merrifield was not named as a defendant until plaintiff filed her fifth amended complaint on

9    October 29, 2014, *four years* after the decedent died and more than two years after the expiration

10   of the limitation period.  ECF No. 336.

11        Plaintiff first contends that that Merrifield's motion to dismiss is untimely and should

12   therefore be denied.  ECF No. 424 at 3.  Plaintiff argues that the motion was filed nearly a year

13   after plaintiff filed her fifth amended complaint.  *Id.*  But plaintiff overlooks that she failed to

14   properly serve Merrifield with a copy of the fifth amended complaint.  That failure eventually led

15   to the court granting Merrifield's motion to set aside a clerk's entry of default.  *See* ECF No. 403

16   at 27-28; ECF No. 408.  Twenty-one days after her default was set aside, Merrifield timely filed

17   her motion to dismiss plaintiff's wrongful death claim.  *See* Fed. R. Civ. P. 12(a)(1).

18        Plaintiff suggests that the statute of limitations should be tolled because she is "still

19   discovering" that defendant Merrifield is "at the 'crux' of all refusals, concealments, with all

20   defendants . . . ."  ECF No. 424 at 5.  Plaintiff's suggestion that she was not aware of Merrifield's

21   alleged involvement in the death of the decedent until she filed her fifth amended complaint is

22   belied by the record.  On February 29, 2012, plaintiff filed an opposition to numerous motions to

23   dismiss the original complaint.  ECF No. 49.  Included among the documents appended to the

24   opposition is a transcript of a proceeding conducted before the Butte County Superior Court.

25   ECF No. 49 at 69.  The transcript identifies defendant Kimberly Merrifield as counsel for the

26   appointed public guardians.  *Id.*  Furthermore, plaintiff's original complaint alleged defendants

27   engaged in wrongful acts, "including all harmful acts of elder abuse leading to Mary's wrongful

28   death.  The State guardians, Calkins and Mahoney (who never once questioned anything the

1  physicians did to [the decendent]), *their legal representation . . .* [c]ondoned assaults of Plaintiff's

2  mother . . . and the cover up by physicians . . . ."  ECF No. 1 ¶ 19 (emphasis added).  Thus, on

3  February 29, 2012, prior to the expiration of the limitation period, plaintiff had notice of

4  Merrifield's alleged involvement in the death of the decedent, but failed to name as a defendant.

5  Thus, plaintiff has failed to show any basis for tolling the limitations period.

6       Plaintiff could have timely filed a wrongful death claim against Merrifield, but failed to do

7  so.  Accordingly, her wrongful death claim against Merrifield is barred by the applicable statute

8  of limitations.[11]

9                               2.  <u>Nelson and Boggs</u>

10       Defendants Nelson and Boggs argue that plaintiff's wrongful death claim must be

11  dismissed for failure to allege any facts demonstrating that their action or inaction was the

12  proximate cause of the decedent's death.  ECF No. 404 at 11-12.

13       Nelson contends that the complaint establishes that she treated the decedent in "some

14  unspecified manner, during some unspecified time, at EMC," but the complaint fails to show how

15  Dr. Nelson contributed to the decedent's death.  ECF No. 404 at 11.  As for Boggs, she contends

16  that the complaint generally alleges that she was involved in the state court TRO and

17  conservatorship proceedings and owed a general duty to the decedent, but fails to allege any

18  specific fact that establishes Boggs's contribution to the decedent's death.  *Id.* at 12.

19        The allegations in the operative compliant specific to Nelson and Boggs are scarce.

20  Although plaintiff generally alleges that Nelson and Boggs harmed the decedent, she fails to

21  allege that these defendants engaged in any specific conduct that contributed to the decedent's

22  death.  Plaintiff alleges that Nelson was the decedent's primary care physician and that she treated

23  plaintiff at EMC.  ECF No. 336 at 7, 18.  She further alleges that Nelson blocked the decedent

24  from seeing her family and concealed information about the health and personal history of

25  decedent.  *Id*. at 7.  Nelson also allegedly altered medical records and submitted fraudulent

26  statements with the state court.  *Id*. at 43-44.

27

28        [11] As the claim must be dismissed as untimely, the court declines to address Merrifield's
additional arguments.

As for Boggs, plaintiff alleges that she is a Risk Management RN employed by EMC.  *Id*. at 10.  She further alleges that Boggs submitted a declaration in relation to an ex parte application to appoint a guardian to make medical decisions for the decedent.  *Id*. at 20-21.  The complaint also alleges that Boggs and Nelson "falsified accusations of abuse and interference of a proper course of medical care," which apparently were used to support the appointment of a guardian.  *Id*. at 21.

As noted, to succeed on her wrongful death claim, plaintiff must establish that defendants owed a legal duty to the decedent and that their breach of that duty was the proximate cause and cause in fact of the decedent's death.  *Ileto v. Glock, Inc*., 349 F.3d 1191, 1206.  The complaint is devoid of any allegations that, if accepted as true, would allow a trier of fact to conclude that Boggs or Nelson caused or contributed to the decedent's death.  Accordingly, plaintiff fails to state a claim for wrongful death against defendants Boggs and Nelson.

### 3.  Matthews

Defendant Matthews moves to dismiss the wrongful death claim against him, the only remaining claim directed at him.  Matthews argues that this claim must be dismissed for (1) failure to allege facts demonstrating that he caused the decedent's death and (2) failure to join necessary parties.  ECF No. 412-1 at 3-13.

#### a.  Causation

The fifth amended complaint alleges that Matthews was a licensed physician, contracted by EMC to provide care to the decedent.  ECF No. 336 at 7.  Plaintiff alleges Matthews "falsified information about the decedent's state of health on multiple occasions, blocking legal transfer, and promoting the cruel isolation and abduction" of the decedent.  *Id*. at 8.  Plaintiff further alleges that Matthews mismanaged the decedent's "nutrition, coccyx, and newly formed wound care, and maliciously removed portions of uncompromised bowel  . . . while he knew and concealed from Plaintiff and family [that] she was on anticoagulants."  *Id*.

On May 13, 2010, Matthews allegedly performed a colonoscopy on the decedent, which revealed "bleeding from more than fifty sites, that had stopped bleeding and a small colonic polyp near the cecum, which Matthews removed without consent."  *Id*. at 25 (internal quotations

1    omitted).  On May 19, 2010, Matthews placed a "G-tube" in the decedent without informed

2    consent.  *Id.* at 23.  On the same date, Matthews also allegedly re-started the decedent on

3    anticoagulants and then performed an unnecessary surgery that involved removing a section of

4    the decedent's bowel.  *Id.* at 25, 32.  Plaintiff contends that the surgery caused massive bleeding

5    and aspiration of blood.  *Id.* at 25.

6         Unlike the other defendants, plaintiff provides extensive allegations regarding Matthews

7    treatment.  Significantly, she specifically alleges that his treatment resulted in the death of the

8    decedent.  Plaintiff's allegations include that Matthews "performed surgery without informed

9    consent leading to the worsening of decedent's health ultimately resulting in decedent's death."

10   *Id.* at 29.  She alleges that the decedent "was subject to multiple debridements by Defendant

11   Matthews that exacerbated Decedent's minor decubitus to a large, gaping wound extending to the

12   bone."  *Id.* at 33.

13        Matthews points out that plaintiff also alleges that the decedent survived the procedure.  In

14   hyperbolic fashion, plaintiff's allegations are that the decedent "had survived the mal-practice of

15   the intestinal bleed that was noted to be due to blood thinners (anticoagulants) on day 5.  She

16   survived the butchered, fraudulent and malicious removal of a large portion of her

17   uncompromised intestines, an illegal G-tube placement, when she could still drink fluids and eat

18   real food by mouth."  ECF No. 336 at 49.  She also alleges that the decedent died receiving

19   anticoagulants at defendant Kindred Hospital Sacramento based on falsified discharge assessment

20   and transfer orders.  *Id.* at 23-24.  Matthews essentially argues that these factual allegations

21   actually establish that Matthews was not the cause of the decedent's death.  ECF No. 512-1 at 5.

22        The motion before the court is brought under Rule 12(b)(6), and is not a motion for

23   summary judgment under Rule 56.  Thus, this motion does not test the sufficiency of plaintiff's

24   evidence but rather that of her factual allegations, which must be taken as true at this point.

25   Further, all reasonable inferences from those alleged facts must be drawn in favor of plaintiff in

26   evaluating the sufficiency her complaint.  As indicated above, causation is generally a question of

27   fact and is only "a question of law where the facts are uncontroverted and only one deduction or

28   inference may reasonably be drawn from those facts."  *Ileto*, 349 F.3d at 1206.  While plaintiff

1   does allege that the decedent survived the surgery performed by defendant Matthews, she also

2   specifically alleges that the surgery worsened the decedent's condition and ultimately contributed

3   to the decedent's death.  Liberally construing plaintiff's allegations, as this court must, plaintiff

4   has sufficiently alleged that Matthews's treatment contributed to the decedent's death.

5   Accordingly, the court finds that plaintiff sufficiently alleges a wrongful death claim against

6   Matthews.

7                                    b.  Rule 12(b)(7) Motion

8           Matthews continues to press an argument that plaintiff's nonparty siblings are

9   indispensable parties which require dismissal of this action under Rule 12(b)(7).   ECF No. 412-1

10   at 6-11.  Matthews contends that plaintiff was required to join all absent heirs, and her failure to

11   do so warrants dismissal.  *Id.*

12          In determining whether a case can proceed without a necessary party, a court must look to

13   Rule 19, which governs joinder of parties.  Rule 19 sets forth three-step inquiry:

14                   1. Is the absent party necessary (i.e., required to be joined if
                     feasible) under Rule 19(a)? 2. If so, is it feasible to order that the
15                   absent party be joined? 3. If joinder is not feasible, can the case
                     proceed without the absent party, or is the absent party
16                   indispensable such that the action must be dismissed?"

17   *Salt River Project Agr. Imp. And Power Dist. v. Lee*, 672 F.3d 1176 (9th Cir. 2012).

18          This inquiry is informed, in part, by the procedural and substantive law as to a wrongful

19   death claims.  In California, the general rule is that "there may be only a single action for

20   wrongful death, in which all heirs must join.  There cannot be a series of suits by individual

21   heirs."  *Gonzales v. Southern California Edison Co.*, 91 Cal. App. 4th 485, 489 (1999).  This

22   policy is generally referred to as the one action rule.  *Id.*  "One of its effects is that settlement of a

23   wrongful death case instituted by only some of the heirs will bar others from prosecuting another

24   action against the same defendant."  *Id.*  "Because a wrongful death cause of action may not be

25   split, the case must be tried in a single forum."  *Herbert v. Super. Ct.*, 169 Cal. App. 3d 718, 722

26   (1988).  "Any heir who does not consent to be joined as a plaintiff in the wrongful death action

27   must be named as a defendant pursuant to [California Code of Civil Procedure] section 382.

28   *Ramero v. Pacific Gas & Elec. Co.*, 156 Cal. App. 4th 211, 216 (2007).  However, "[a] person

1   named as a nominal defendant and properly joined is in reality, a plaintiff in the case." *Id.*

2   (quotation marks omitted).

3       This court rejected Matthews' argument in an earlier motion which argued that the

4   siblings are indispensable parties.  *See* ECF No. 403 at 19-20.  The court noted that "Although

5   federal courts have held that for purposes of a wrongful death claim absent heirs are 'necessary'

6   parties, courts have also found that where an absent heir's claim would be barred by the statute of

7   limitations, the absent heir is not indispensable." *Id.* at 20 (citing *Backer v. United States*, 2014

8   WL 4267500, at *2-3 (E.D. Cal. Aug. 29, 2014); *A.D. v. California Highway Patrol*, 2009 WL

9   733872, * at 4-5 (N.D. Cal Mar. 17, 2009); *Estate of Burkhart v. United States*, 2008 WL

10  4067429, * 7-8 (N.D. Cal. Aug. 26, 2008)).

11      The court concluded that "[p]laintiff's siblings are necessary parties, but as previously

12  observed, their joinder would defeat diversity and therefore joinder is not feasible."  *See* ECF No.

13  403 at 20.  Thus, the next question was whether the inability to join them warrants dismissal, thus

14  making them indispensable parties.  The court concluded that the absent heirs were not

15  indispensable as it appears that any wrongful death claims brought by plaintiff's siblings would

16  be barred by the applicable statute of limitations.  *Id.*  Nothing Matthews presents on this motion

17  alters that conclusion.  Plaintiff's claim for wrongful death against the medical provider

18  defendants is predicated on their alleged malpractice.  Thus, California Code of Civil Procedure

19  section 340.5 provides the applicable statute of limitations.  That section states:

20          In an action for injury or death against a health care provider based
21          upon such person's alleged professional negligence, the time for the
            commencement of action shall be three years after the date of injury
            or one year after the plaintiff discovers, or through the use of
22          reasonable diligence should have discovered, the injury, whichever
            occurs first. In no event shall the time for commencement of legal
23          action exceed three years unless tolled for any of the following: (1)
            upon proof of fraud, (2) intentional concealment, or (3) the
24          presence of a foreign body, which has no therapeutic or diagnostic
            purpose or effect, in the person of the injured person.
25

26  Cal. Civ. Proc. Code § 340.5.

27      The complaint alleges that the decedent died on October 20, 2010.  ECF No. 336 at 23.

28  /////

1    Thus, this court concluded that any wrongful death claim brought by the absent heirs would be

2    barred by the three year statute of limitation and therefore plaintiff can proceed with her claim in

3    their absence.

4         Matthews now argues that the court failed to properly consider whether the statute of

5    limitations for the absent heirs' claim would be subject to tolling.  But it clearly would not.

6    According to Matthews "an allegation that Dr. Matthews never committed fraud or intentional

7    concealment is necessary to support the conclusion that the claims of the omitted hers are time-

8    barred."  ECF No. 412-1 at 9.  Matthews insists that "[a]bsent such an allegation, any conclusion

9    that the claims of omitted heirs are time-barred would be based on pure speculation."  *Id.*  Rather

10   ironically, defendant Matthews insists that plaintiff's multiple allegations of fraud and

11   concealment subject the wrongful death claim to tolling.  Matthews urges that "for purposes of

12   this motion the Court must accept as true that Dr. Matthews was involved in a conspiracy to

13   fraudulently conceal his wrongdoing, which conspiracy "continues to this day."  *Id.* (citing ECF

14   No. 336 at 19).  Thus, argues Matthews, allowing this action to proceed without joining the other

15   heirs would open the possibility that Matthews would have to litigate other actions brought by the

16   absent heirs, thereby subjecting him to additional liability.

17        The argument is unavailing.  "Even fraudulent or intentional concealment by defendant of

18   facts upon which the causes of action are based will not toll the applicable statutes if such actual

19   or constructive discovery has occurred, for at that time the one-year periods commence to run."

20   *Tresemer v. Barke*, 86 Cal. App. 3d 656, 666 (1978).  Here, despite any alleged fraud or

21   concealment by defendants, plaintiff was able to bring this wrongful death action against

22   Matthews in 2011.  There is absolutely no reason why the absent heirs could not have also

23   brought an action at that time.  They did not.  Nearly six years have elapsed since the decedent's

24   death and nothing precluded the siblings from pursing a wrongful death claim.

25        There is no basis for Matthews' contention that the statute of limitations would be tolled

26   for a wrongful death claim brought by absent heirs.  Accordingly, Matthews's Rule 12(b)(7)

27   motion must be denied.

28   /////

1          4.     EMC

2          As EMC observes, plaintiff's allegations against it are based on a theory of vicarious

3    liability.  ECF No. 404 at 12; *see* ECF No. 336  at 10 (EMC "was responsible for the actions of

4    their contracted agents and employees.").  Such a claim is dependent upon establishing conduct

5    by its employees giving rise to tort liability.  EMC argues that plaintiff has failed to state a claim

6    against its employees or agents, and therefore plaintiff's wrongful death claim against it must be

7    dismissed.  ECF No. 404 at 12; *see Lathrop v. Healthcare Partners Med. Grp*., 114 Cal. App. 4th

8    1412, 1423, (2004) (finding that an employer cannot be held responsible under respondeat

9    superior unless the employee is found responsible

10         While plaintiff has failed to state a claim against most of the defendants employed at

11   EMC, as explained above, she has sufficiently alleged a wrongful death claim against Matthews.

12   In its motion, EMC does not specifically argue that it may not be held vicariously liable for

13   Matthews's tortious conduct, if any.[12]  Rather, EMC only argues that plaintiff has failed to

14   sufficiently allege a claim for wrongful conduct against Matthews, and therefore any claim

15   against it based on Matthews's conduct necessarily fails.  ECF No. 404 at 13.  As plaintiff

16   sufficiently alleged a wrongful death claim against Matthews, the argument lacks merit.

17   Accordingly, the motion must be denied as to plaintiff's claim against EMC based on Matthews's

18   conduct.

19         F.     Leave to Amend

20         Plaintiff has now submitted six different complaints.  Although the court only addressed

21   the sufficiency of the allegation in plaintiff's first, fourth, and fifth amended complaint,

22   defendants have moved to dismiss the other amended complaints due to deficiencies necessitating

23   multiple amendments.  These motions provided plaintiff with notice of the pleading requirements

24   and identified various deficiencies in the complaints.  Although plaintiff has been given numerous

---

25         [12]  In a footnote, EMC states generally that in California "physicians are independent
26   contractors, rather than employees."  ECF No. 404 at 13 n.6.  However, it does not specifically
     argue that it cannot be held liable for Matthews's conduct due to a lack of an agency relationship.
27   In any event, the complaint specifically alleges that Matthews is an agent of EMC, and the court
     must accept the complaint's allegations as true in resolving EMC's motion.  Accordingly,
28   whether Matthews was an independent contractor cannot be resolved on this motion.

1    opportunities to address the arguments raised by defendants, she continues to submit pleadings

2    that are disorganized, in several parts unintelligible, and lacking sufficient allegations to support

3    most of her purported causes of action.  Further, she persists in presenting claims that are simply

4    barred as a matter of law.  There has been amply opportunity to cure the deficiencies in the claims

5    discussed above and she is simply not able to do so.  Accordingly, the court finds that further

6    leave to amend would be futile.  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while

7    the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be

8    granted where it appears amendment would be futile).

9    III.    Entry of Judgment Pursuant to Rule 54(b)

10          Stansell and Potter request immediate entry of judgment pursuant to Federal Rule of Civil

11   Procedure 54(b).  ECF Nos. 448, 450.

12          "When an action presents more than one claim for relief . . . or when multiple parties are

13   involved, the court may direct entry of a final judgment as to one or more, but fewer than all,

14   claims or parties only if the court expressly determines that there is no just reason for delay."

15   Fed. R. Civ. P. 54(b).  In evaluating whether entry of judgment under 54(b) is appropriate, a court

16   "must first determine that it is dealing with a 'final judgment.'"  *Curtiss-Wright Corp. v. Gen.*

17   *Elec. Co.*, 446 U.S. 1, 7 (1980).  It must then "determine whether there is any just reason for

18   delay."  *Id.* at 8.  In evaluating whether there is just reason for delay, the court should consider

19   "whether the claims for review were separable from the others . . . and whether the nature of the

20   claims already determined was such that no appellate court would have to decide the same issues

21   more than once."  *Id.*

22          The court granted Stansell and Potter's motions to dismiss all claims against them without

23   leave to amend on September 30, 2015, ECF No. 408, and they argue that there is no just reason

24   to delay entry of a final judgment.  ECF No. 448-1; ECF No. 450.  Stansell argues that there is no

25   danger of piecemeal appeals because "the sole issue before the Ninth Circuit would be whether

26   [plaintiff] stated any claims against Stansell in Stansell's unique capacity as court-appointed

27   counsel for" the decedent.  ECF No. 448-1 at 7.  She further contends that plaintiff's claims

28   against the remaining defendants are based largely on medical malpractice, and that "any

1   remaining claims against non-medical defendants have no bearing as to adjudication of the claims

2   against Stansell as court-appointed counsel for" the decedent.  *Id.*  Potter similarly argues that the

3   claims brought against him sound in legal malpractice, while the claims against the other

4   defendant are based on medical malpractice and have no bearing on the claims against him.  ECF

5   No. 450.  Thus, these defendants contend that any appeal of the claims against them would not

6   involve the same issues as an appeal involving the claims alleged against the other defendants,

7   and therefore the appellate court would not have to decide the same issues more than once.

8        Stansell and Potter are mistaken.  This court dismissed the vast majority of the claims

9   against Stansell and Potter because they belonged to the decedent and are now claims of the

10   estate.  Plaintiff could not assert claims on behalf of the decedent's estate because such claims

11   would defeat diversity jurisdiction and because plaintiff, proceeding pro se, is not permitted to

12   represent the interest of the estate without first obtaining counsel.  ECF No. 403, 408.  As

13   illustrated above, the same reasoning justifies the dismissal of several claims against other

14   defendants in this action.  Accordingly, an immediate appeal of claims against Stansell and Potter

15   would likely involve the same issue—whether plaintiff could proceed in this court with her

16   claims brought on behalf of the decedent—as any subsequent appeal regarding the claims against

17   other defendants.

18        As this would require the appellate court to decide the same issue more than once,

19   defendants Stansell and Potter's motions for entry of judgment under Rule 54(b) must be denied.

20   IV.   Conclusion

21        Accordingly, it is hereby RECOMMENDED that:

22        1. Defendant Merrifield's motions to dismiss (ECF Nos. 419, 452) be granted and all

23   claims against her be dismissed without leave to amend.

24        2. Defendant Matthew's motion to dismiss plaintiff's wrongful death claim (ECF No. 412)

25   be denied.

26        3. Defendants EMC, Boggs, and Nelson's motion for judgment on the pleadings (ECF No.

27   404) be granted in part and denied in part as follows:

28   /////

1      a.  The motion be granted as to all claims against Nelson and Boggs; and

2      b.  The motion be granted as to all claims against EMC, except plaintiff's wrongful

3  death claim based on defendant Matthews's conduct.

4      4. Defendants Stansell and Potter's motions for entry of judgment (ECF Nos. 448, 450) be

5  denied.

6      These findings and recommendations are submitted to the United States District Judge

7  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

8  after being served with these findings and recommendations, any party may file written

9  objections with the court and serve a copy on all parties.  Such a document should be captioned

10  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

11  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

12  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

13  DATED: September 15, 2016.

14

15                        EDMUND F. BRENNAN
                        UNITED STATES MAGISTRATE JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28