UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKIE L. CHIPMAN,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>MARCIA F. NELSON, M.D., ENLOE MEDICAL CENTER, JOSEPH M. MATTHEWS, M.D., GERARD R. VALCARENGHI, M.D., DALE J. WILMS, M.D., DINESH VERMA, M.D., ATTILA KASZA, M.D., JANE STANSELL, DIRK POTTER, JULIE CLARK-MARTIN, BRENDA BOGGSHARGIS, KINDRED HOSPITAL SACRAMENTO, EVA LEW, M.D., MARK AVDOLAVIC, M.D., and DOES 1 through 25,<br><br>　　　　　Defendants. | No.  2:11-cv-2770-TLN-EFB PS<br><br>ORDER |

　　　On June 15, 2016, the court granted defendant Kindred's motion to compel plaintiff to provide further responses to discovery requests and denied plaintiff's motions to compel former defendants Dirk Potter and Jane Stansell and non-party Bertha Murrilo's compliance with subpoenas.  ECF No. 522; *see* ECF Nos. 473, 477, 482.  The court also ordered plaintiff to reimburse Potter, Stansell, and Kindred the reasonable expenses incurred in litigating the

/////

1

discovery motions. ECF No. 522. Plaintiff now moves for reconsideration of that order.[1] ECF No. 525, 528. For the reasons explained below, plaintiff's motion is denied.

Federal Rule of Civil Procedure 60 provides that a court may relieve a party of a final judgment or order for mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)-(4).

Plaintiff's motion for reconsideration merely rehashes many of the arguments already advanced and rejected by the court in resolving the underlying discovery motions. She has not demonstrated that the court's order awarding reasonable expenses incurred in litigating those motions was clearly erroneous or manifestly unjust. Nor does she identify new or different facts that were not previously shown.

The only new argument advanced by plaintiff is that the imposition of sanctions creates a "hardship and burden." ECF No. 525. She offers only her conclusion and does not identify any particular hardship or burden. Nor does she cite any evidence is support of the conclusion. *Id*. The conclusory argument is insufficient to demonstrate that the imposed sanctions are unjust, especially given the court's findings that plaintiff had indefensibly failed to provide responses to Kindred's discovery requests and that the subpoenas served on Potter and Stansell did not seek any relevant evidence, but rather appeared to be served for the sole purposes of harassing these former defendants. Under these circumstances, the imposition of sanctions was not only appropriate, it was required by the rule. *See* Fed. R. Civ. P. 37(a)(5)(A) (if a motion to compel is granted, the court must require the party whose conduct necessitated the motion to pay the

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

movant's reasonable expenses incurred in making the motion); Fed. R. Civ. P. 37(a)(5)(B) (if a motion to compel is denied, the court must require the movant to pay the reasonable expenses incurred in opposing the motion); Fed. R. Civ. P. 45(d) (A party responsible for serving a subpoena must avoid imposing undue burden or expense, and the court "must enforce this duty and impose appropriate sanctions—which may include . . . reasonable attorney's fees . . . ."). Accordingly, plaintiff has failed to demonstrate any basis for reconsideration of the prior order.[2]

Accordingly, it is hereby ORDERED that plaintiff's motion for reconsideration (ECF Nos. 525, 528) is denied.

DATED: March 30, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Former defendant Dirk Potter also seeks an additional $680 in fees to compensate him for having to oppose plaintiff's motion for reconsideration. ECF No. 532 at 5. Despite the motion's complete lack of merit, the court declines to award further sanctions. However, plaintiff is admonished that further abuses of the discovery process may result in the imposition of additional sanctions.