UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKIE L. CHIPMAN, | No. 2:11-cv-02770-TLN-EFB P |
| Plaintiff, | |
| v. | ORDER |
| MARCIA F. NELSON, et al., | |
| Defendants. | |

This matter relates to the death of Plaintiff's mother. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302, as Plaintiff proceeded pro se. On September 12, 2017, the magistrate judge filed findings and recommendations ("the F&R," ECF No. 571) recommending the Court grant Defendants' motion for summary judgment (ECF No. 554) on Plaintiff's only remaining claim — wrongful death against Defendants Dr. Joseph Matthews and Enloe Medical Center. The F&R contained notice that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 571.) No objections were filed within that period. On October 5, 2017, the Court

///
///
///
///

1

adopted the F&R in full, granted the motion for summary judgment (ECF No. 554), and directed the Clerk of Court to enter judgment in Defendants' favor and close the case. (ECF No 572.)

On October 22, 2017, Plaintiff filed the instant motion which she denominates "Plaintiff's Motions to Re-Open Case; and My Objections to: Judge's Findings & Recommendations; and Order; and Judgment; and Opposition to Defendant Jane E. Stansell's Notice of Entry of Judgment in Favor of All Defendants." (ECF No. 579.) In short, Plaintiff requests that the Court re-open her case, vacate the Court's order approving the F&R (ECF No. 572), along with the related judgment (ECF No. 573) and notices (ECF Nos. 574–578), and consider her late-filed objections to the F&R.[1] Plaintiff claims she was unaware of ECF Nos. 571 through 578 until October 17, 2017, because she "was unable to read [her] emails until October 17, 2017." (ECF No. 579 at 3.) Plaintiff seemingly stopped reviewing her email due to working "many overtime hours (12–14 hour days) providing nursing care to twenty six elderly individuals."[2] (ECF No. 579 at 2–3.)

The Court is extremely doubtful that the unilateral decision of pro se litigant to stop reviewing her email excuses that litigant from filing timely objections to an U.S. Magistrate Judge's findings and recommendations. However, as the Court will explain, even if Plaintiff's objections had been timely, the result would have been the same. As is the Court's practice, the Court carefully conducted de novo review of the F&R *prior* to entering its Order adopting the F&R. Having done so, the Court found the F&R to be well reasoned, and concluded that summary judgment should be granted on Plaintiff's sole remaining claim. The Court has carefully reviewed Plaintiff's submissions in connection with the instant motion. Plaintiff has not shown that the F&R contains any legal or factual error. Similarly, nothing in Plaintiff's submissions in anyway undermines recommendations contained in the F&R. Consequently, had Plaintiff made these same submissions as timely objections, the Court would have overruled them and approved the F&R in full. Likewise, Plaintiff's submissions have not persuaded the Court

---

[1] For the sake of completeness, the Court observes that Plaintiff "opposes" the notices (ECF No. 574–578.)
[2] It is unclear precisely when Plaintiff stopped reviewing her email. However, she indicates the uptick in her work began in the "end of July 2017." (ECF No. 579 at 2.)

2

that there is any legal basis for reconsidering its Order approving the F&R.  Simply put, Plaintiff has not shown any proper legal basis for re-opening this case.  For the reasons set forth above, Plaintiff's motion (ECF No. 579) is DENIED.

IT IS SO ORDERED

Dated: August 31, 2018

Troy L. Nunley
United States District Judge