UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKIE L. CHIPMAN,<br><br>Plaintiff,<br><br>v.<br><br>MARCIA F. NELSON, et al.,<br><br>Defendants. | No. 2:11-cv-02770-TLN-EFB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS WITHOUT PREJUDICE** |

This matter is before the Court pursuant to Defendant Jane Stansell's ("Defendant") Motion for Attorney's Fees. (ECF No. 585.) Plaintiff Rickie Chipman ("Plaintiff") opposes Defendant's motion. (ECF No. 587.) The Court has carefully considered the arguments raised by both parties. For the reasons set forth below, Defendant's Motion for Attorney's Fees and Costs is hereby DENIED without prejudice.

///
///
///
///
///
///
///

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff sued all Defendants on October 20, 2011, alleging violations of civil and Constitutional rights under 42 U.S.C. § 1983, and asserting several state law claims. (*See* ECF No. 1 at 7.) In February 2012, Defendants filed their first motion to dismiss and special motion to strike the state law claims pursuant to Cal. Code. Civ. Proc. § 425.12. (*See* ECF No. 25.) Plaintiff filed an opposition that same month. (ECF No. 49.) The magistrate judge construed the motion as a motion to amend Plaintiff's complaint and granted it. (*See* ECF No. 64.) Plaintiff filed a first amended complaint on March 30, 2012. (ECF No. 74.) Thereafter, Plaintiff was allowed to amend and refile a second, third, fourth, and fifth amended complaint. (ECF Nos. 154, 180, 246, & 336.) Plaintiff's fifth amended complaint contained only state law claims. (*See* ECF No. 336.) Defendant filed a motion to dismiss and strike each one of Plaintiff's subsequent amended complaints, totaling 5 motions to strike under California's Anti-SLAPP statute since the inception of this litigation. (*See* ECF Nos. 25, 96, 187, 248, & 344.) In September 2015, this Court adopted the findings and recommendations of the magistrate judge (ECF No. 403) and granted Defendant's motion to dismiss without leave for Plaintiff to amend (ECF No. 408). Judgment was entered for Defendant on October 13, 2017. (ECF No. 578.)

In November 2017, Defendant filed a Motion for Attorney Fees, requesting $87,312.50 in fees. (ECF No. 585.) Plaintiff filed an Opposition to Defendant's Motion for Attorney Fees, however, the opposition does not address the basis for the fee and the cost award sought, *i.e.*, the anti-SLAPP statute; it merely attempts to re-allege Plaintiff's original allegations. (*See* ECF No. 587.)

# II. LEGAL STANDARD

A party may bring an anti-SLAPP special motion to strike in federal court. *Thomas v. Fry's Elecs., Inc.*, 400 F.3d 1206, 1206–07 (9th Cir. 2005); *Vess v. Ciba-Geigy Corp USA*, 317 F.3d 1097, 1109 (9th Cir. 2003). A party may seek to specially strike state law claims brought in federal court on the basis of the court's diversity subject matter jurisdiction, and state law claims that are supplemental to federal claims in an action premised on federal question jurisdiction. *See Hilton v. Hallmark Cards*, 599 F.3d 894, 900 n.2 (9th Cir. 2010) ("[W]e have long held that the

anti-SLAPP statute applies to state law claims that federal courts hear pursuant to their diversity jurisdiction.") (citing *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 970–73 (9th Cir. 1999)); *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 63 F. Supp. 2d 1127, 1130 (N.D. Cal. 1999) ("[I]t appears that under the *Erie* analysis set forth in *Lockheed* the anti-SLAPP statute may be applied to state law claims which, as in this case, are asserted pendent to federal question claims.").

Regarding attorneys' fees and costs, the California anti-SLAPP statute provides, in part, that except in certain specific circumstances, "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c). Under California law, "any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001). "[T]he Legislature intended that a prevailing defendant on a motion to strike be allowed to recover attorney fees and costs only on the motion to strike, not the entire suit." *Lafayette Morehouse, Inc. v. Chronicle Publ'g Co.*, 39 Cal. App 4th 1379, 1383 (1995). A successful defendant is also entitled to fees incurred in filing the motion for anti-SLAPP fees, also referred to as "fees on fees." *Ketchum*, 24 Cal. 4th at 1141.

The California Supreme Court has presumed that the California Legislature intended for anti-SLAPP fees to be calculated using the "lodestar" approach but did not intend to *require* use of the lodestar approach. *See Ketchum*, 24 Cal. 4th at 1136. In addressing fee-shifting statutes other than the anti-SLAPP statute, the Ninth Circuit has stated that the "lodestar" is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). It has further held that "[a]lthough in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Id.* The California Supreme Court's description of the lodestar method, as applied in the anti-SLAPP context, is in accord. *See Ketchum*, 24 Cal. 4th at 1131–32 ("[A] court assessing attorney fees begins with a touchstone or lodestar figure, based on the careful compilation of the time spent and reasonable hourly compensation of each attorney . . .

3

involved in the presentation of the case."). In *Kethcum*, the court considered adjustment of the lodestar in consideration of factors such as ". . . . (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." *Id.* at 1132.

Although the Ninth Circuit has not expressly held that the anti-SLAPP statute's fees provision applies to state law claims over which the district court has supplemental jurisdiction, it acknowledged that a party who prevailed on its anti-SLAPP motion that was combined with a motion to dismiss a Section 1983 claim was entitled to anti-SLAPP fees. *See Fabbrini v. City of Dunsmuir*, 631 F.3d 1299, 1302 (9th Cir. 2011) ("In the district court, the City filed in a single pleading the motion to dismiss the § 1983 malicious prosecution claim and the anti-SLAPP motion to strike the defamation claim. It is undisputed that the City is entitled to fees for having prevailed on the anti-SLAPP motion.").

### III. ANALYSIS

It is undisputed that Defendant is the prevailing party with regard to her motion to dismiss and the anti-SLAPP motion. (*See* ECF No. 408.) Defendant successfully moved the Court to dismiss all of Plaintiff's claims without leave to amend. (*See* ECF No. 403 at 30; ECF No. 408.) Plaintiff offers no substantive basis in opposition to an award of fees and costs under California's anti-SLAPP statue. (*See* ECF No. 587.) Plaintiff merely attempts to re-assert her original causes of action against Defendant which were dismissed without leave to amend. (*See* ECF No. 587.) And, as set forth above, the Court finds Defendant is entitled to an award of fees, generally speaking. Thus, all that remains is the calculation of the appropriate fee award to which Defendant is entitled. Plaintiff only specifically opposes $1000 in fees for a meeting and an agreement, and otherwise uses her opposition to provide a lengthy narrative of the facts and history of the case. (*See* ECF No. 587 at 4.)

A. <u>Award of Fees and Costs to Which Defendant is Entitled</u>

Although Defendant is entitled to recover mandatory attorneys' fees and costs pursuant to the anti-SLAPP statute, the records submitted in support of Defendant's motion do not

4

substantiate that Defendant is entitled to recover the roughly $87,312.50 sought.  Claimants bear the burden of documenting the appropriate hours expended in the litigation.  *United States v. Biotronik, Inc.*, No. 2:09-CV-3617-KJM-EFB, 2015 WL 1291371, at *5 (E.D. Cal. Mar. 20, 2015).  The billing records submitted here do not provide sufficient detail to determine the amount of fees for work that was performed in connection to the anti-SLAPP portion of Defendant's motion.

Defendant's lead defense counsel, William Muñoz, of the firm Murphy, Pearson, Bradley & Feeney, filed a declaration and a table of exhibits in support of Defendant's request for a total award of $87,312.50 in attorneys' fees and costs, purportedly incurred in connection with the portions of Defendant's motions filed pursuant to California's anti-SLAPP statute.  (*See* ECF No. 585-2.)  In support of the request, Mr. Muñoz's declaration states that four attorneys in his law firm represented Defendant in connection with her special motion to strike: Mr. Muñoz, who typically bills his time to private clients at a rate of $425 per hour; Gregory A. Bastian, who bills his time at a rate of $425 per hour; Robert W. Lucas, who bills his time at $350 per hour; and Heather A. Barnes, who bills her time at $300 per hour.  (*See* ECF No. 585-2 at 4, 6.)

However, the bills submitted in support of the motion reflect that the attorneys did not actually bill at the rates set forth in Mr. Munoz's declaration.  Instead, it appears each attorney's rate was significantly reduced in this matter.  For example, Mr. Muñoz's stated "market rate" is $425 per hour, while the rate he actually billed Defendant's insurer is $220 per hour.  (*See* ECF No. 585-2 at 22.)  There are similar discrepancies between the hourly rates charged by the other attorneys.  Mr. Muñoz fails to sufficiently explain why he is entitled to fee calculations based on "market rate" that he charges private clients, as opposed to the much lower per hour rate that was actually billed to Defendant's insurer.  (*See* ECF No. 585-1 at 22.)  Mr. Muñoz states that "[t]he cases interpreting attorney fee awards allow a party to recover attorney's fees based on lodestar on 'market rate' rather than the actual negotiated billing rate charged."  (ECF No. 585-2 ¶ 20.)  Yet the Court is not persuaded as to why Mr. Muñoz's higher market rate is a reasonable rate, compared to his reduced billing rate.  *See Winters v. Jordan*, No. 2:09-CV-00522 JAM, 2011 WL 1549391, at *8 (E.D. Cal. Apr. 21, 2011) (finding a reduced hourly rate of $235 per hour charged

1 | to an insurer to be reasonable, when the "market rate" was $300–$375.)  Thus, the Court is not
2 | convinced that the market rate claimed here is reasonable.

3 |       Further — and most significantly — the Court cannot readily determine the number of
4 | hours at issue billed by Defendant's attorneys.  Mr. Muñoz declares, under penalty of perjury, that
5 | the total hours indicated are related to the special motion to strike.  (*See* ECF No. 585-2 at 7–8.)
6 | But the Court cannot discern, based on the billing records submitted, which items are specifically
7 | connected to work on Defendant's anti-SLAPP motion.  For example, Mr. Muñoz's declaration
8 | states Ms. Barnes spent 3.5 hours preparing Defendant's anti-SLAPP motion.  (ECF No. 585-2 at
9 | 8.)  He submitted billing statements for the month of January 2012.  (ECF No. 585-2 at 19–22.)
10 | Some of the billing items claimed during this month could arguably go toward Defendant's anti-
11 | SLAPP motion while others clearly are not related to the anti-SLAPP motion.  (*See* ECF No. 585-
12 | 2 at 19–22.)  More specifically, on January 23, 2012, Ms. Barnes spent 0.70 hours on "research
13 | re[garding] elements for dismissal of attorney for Plaintiff's mother from 1983 claims."  (ECF
14 | No. 585-2 at 20.)  The time and fee summary indicate Ms. Barnes charged 12 hours total during
15 | this period.  (ECF No. 585-2 at 22.)  From February to May 2012, the billing statements show
16 | Ms. Barnes spent only .10 hours on Defendant's case.  (*See* ECF No. 585-2 at 29.)  According to
17 | the billing statements submitted, the viability of an anti-SLAPP motion was not first discussed
18 | until February 2012.  (ECF No. 585-2 at 26.)  Based on the current records submitted, it is
19 | difficult for the Court to discern which of Ms. Barnes's 12.1 hours charged during these periods
20 | went toward the 3.5-hour total claimed by Mr. Muñoz as going toward work on Defendant's anti-
21 | SLAPP motion.

22 |       The same is true for the 13.1 hours claimed by Mr. Muñoz, the 4.8 hours claimed by Mr.
23 | Bastian, and the 222.3 hours claimed by Mr. Lucas.  (ECF No. 585-2 at 7.)  For example, the
24 | billing statements in Exhibit D show many hours spent by Defendant's attorneys reviewing other
25 | defendants' filings in this action, and plaintiffs' responses.  (*See, e.g.*, ECF No. 585-2 at 38.)  It is
26 | unclear how many, if any, of these hours Defendant is claiming go toward the hours spent
27 | preparing the anti-SLAPP motion, and thus this Court will not rule on their permissibility.  Courts
28 | within this district have determined that defendants are not entitled to recovery of attorneys' fees

and costs when the parties submit similarly vague billing entries. *See Winters*, 2011 WL 1549391, at *5.

In sum, while Defendant is entitled to an award of attorneys' fees and costs pursuant to California's anti-SLAPP statue, because the declarations and billing entries do not reliably establish the reasonability of the rate charged, and what specific fees and costs Defendant is legitimately entitled to, the Court denies Defendant's motion without prejudice. Defendant may file a renewed motion for attorneys' fees and declarations substantiating a reasonable award of attorneys' fees and costs. If Defendant does so, counsel is directed to indicate which billing items Defendant claims go towards the hours spent as indicated on the table on page 7 of Mr. Muñoz's declaration (ECF No. 585-2 at 7–8) so the Court can accurately determine whether Defendant is entitled to those fees and costs.

**IV.    CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant's motion for attorneys' fees and costs (ECF No. 585) without prejudice. Defendant is permitted to file a renewed motion, if at all, within thirty (30) days of this Order.

IT IS SO ORDERED.

Dated: September 11, 2019

Troy L. Nunley
United States District Judge