J. RANDALL ANDRADA (SBN 70000)
randrada@andradalaw.com
**ANDRADA & ASSOCIATES**
**PROFESSIONAL CORPORATION**
1939 Harrison Street, Suite 612
Oakland, California  94612
Tel.:   (510) 287-4160
Fax:    (510) 287-4161

Attorneys for Defendant
ENLOE MEDICAL CENTER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RICKIE L CHIPMAN,<br><br>           Plaintiff,<br><br>      v.<br><br>MARCIA F. NELSON, et al.,<br><br>           Defendants. | Case No.: 2:11-cv-02770-TLN-EFB<br><br>**STIPULATION AND [PROPOSED] ORDER TO EXTEND EXPERT DISCLOSURE AND EXPERT DEPOSITIONS**<br><br>Action Filed:  October 20, 2011 |

The plaintiff, who is in pro per, and the defendants, who are represented by counsel, and pursuant to Local Rules 143 and 144, stipulate as follows:

1. The Court issued a Scheduling Order on October 20, 2021, namely Document 613.

2. The Order stated in part as follows:

   A) The plaintiff shall serve her expert disclosure on or before December 2, 2021;

   B) The defendants shall serve their expert disclosure on or before December 16, 2021;

   C) Rebuttal disclosures shall be served on or before January 5, 2022.

   D) Expert depositions "shall be completed within thirty days of disclosure."

3. The Order further stated as follows:

   "The court recognizes that this schedule covers the end of the year holiday period.  The court is amenable to granting reasonable extensions if necessary."

1

4. Good cause exists for the Court to extend the disclosure and discovery deadlines. The good cause includes the fact, as stated by the court, that "this schedule covers the end of the year holiday period."

5. Further good cause exists because other professional demands upon the attorneys and expert witnesses, and the requirement under the Federal Rules that written reports be provided by the experts, make it difficult, if not impossible, to comply with the time limits imposed by the Court in its order.

6. The other professional demands upon counsel for Enloe Medical Center include trial on December 6-10, 2021 in *Kass v. County of Alameda*. The case is venued in the Northern District of the Federal Court, and is considered to be a date certain. There is no possibility of settlement in the case.

7. Additionally, counsel for Dr. Joseph Matthews is scheduled to take a few days of vacation from October 28 through November 1, and November 12 through November 15, 2021.

8. I sent an email to the plaintiff and codefense counsel on October 21, 2021. It stated the following in pertinent part:

> "The three of us should ask the court to extend the deadline of Ms. Chipman to February 1, 2022. The deadline for the defendants should be moved to February 15. The rebuttal disclosure deadline should be moved to March 4."

9. The plaintiff responded by email on that same day. Her email stated in pertinent part:

> ". . . I hereby confirm and accept your proposal to request an extension, as you have stated with this proposal [of today] . . ."

10. Counsel for co-defendant Dr. Joseph Matthews responded by email on October 22. His email stated in pertinent part:

> "We agree with Mr. Andrada's proposal and look forward to receipt of the joint stipulation for our execution."

11. Given all of the above, the parties request that the Court change the disclosure dates of December 2, December 16, and January 5 to the following:

   a) Plaintiff's expert disclosure shall be served on or before February 1, 2022;

   b) Defendants' expert disclosures shall be served on or before February 15, 2022; and

      c)    Rebuttal disclosures shall be served on or before March 4, 2022.

12. Additionally, the Order dated October 20 requires the parties to complete "any expert depositions . . . within thirty days of disclosure." Given all of the above, the parties request that the Court issue the following order with regard to the completion of expert depositions:

      a)    If any party deposes one or more experts who were disclosed by the plaintiff on or before February 1, said deposition(s) must be completed on or before March 3, 2022.

      b)    If any party deposes one or more experts who were disclosed by one or more defendants on or before February 15, 2022, said deposition(s) must be completed on or before March 17, 2022.

      c)    If any party deposes one or more experts who were disclosed as a rebuttal expert, said deposition(s) must be completed on or before April 4, 2022.

13. The parties respectfully request that the Court extend the dates for expert disclosure and expert depositions as set forth above.

IT IS SO STIPULATED

Dated: October 22, 2021                                  ANDRADA & ASSOCIATES

                                                                           */s/ J. Randall Andrada*
By _____
J. RANDALL ANDRADA
Attorneys for Defendant
ENLOE MEDICAL CENTER

I attest that Rickie L. Chipman and Steven M. McKinley have authorized me to file this document with their electronic signatures.

                                                                           */s/ J. Randall Andrada*
                                                                           J. RANDALL ANDRADA

Date: October 22, 2021

                                                                            */s/ Rickie L. Chipman*
                                                                           RICKIE L. CHIPMAN
                                                                           Plaintiff

3

{00122184.DOC/}OPTIMA 0983                                                *Chipman v. Nelson, et al.*
STIPULATION AND ORDER TO EXTEND EXPERT DISCLOSURE & DEPOS      2:11-cv-02770-TLN-EFB

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

Dated: October 22, 2021

LOW McKINLEY BALERIA & SALENKO, LLP

By  */s/ Steven M. McKinley*
STEVEN M. McKINLEY
Attorneys for Defendant
JOSEPH M. MATTHEWS

IT IS SO ORDERED.

Dated: October 27, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

4

{00122184.DOC/}OPTIMA 0983
STIPULATION AND ORDER TO EXTEND EXPERT DISCLOSURE & DEPOS

*Chipman v. Nelson, et al.*
2:11-cv-02770-TLN-EFB