UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKIE L. CHIPMAN,<br><br>   Plaintiff,<br><br>   v.<br><br>MARCIA F. NELSON, *et al.,*<br><br>   Defendants. | No.  2:11-cv-02770-TLN-EFB PS<br><br>ORDER:<br><br>(1)  DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE;<br><br>(2) DENYING PLAINTIFF'S AND DEFENDANTS' REQUESTS TO MODIFY THE SCHEDULE; AND<br><br>(3) SETTING THIS MATTER FOR TRIAL |

Pending before the court are plaintiff's request for judicial notice, ECF No. 623, and defendant Enloe Medical Center's ("defendant") status report and request for further scheduling, ECF No. 624.  Plaintiff's request for judicial notice asserts that "statements in the 27 documents I filed on 3/4/2022 with Doc. No: 622 are the indisputable facts, according to FRCP 28 Rule 201 (b)…" of which the court should take judicial notice.  The request is denied. The multiple documents at EFC No. 622 consist of medical records containing numerous entries and by numerous persons and the admissibility of those documents and specific statements contained therein will be determined at trial.  Likewise, if information contained in any of the documents has relevance to a future dispositive motion the admissibility of those documents will

be determined at the time that they are offered into evidence. But plaintiff has not identified a discrete fact for which the court at this time could or should take judicial notice. Plaintiff also requests further modification of the schedule to allow for more discovery. The previous scheduling order granted plaintiff ample time to depose defendant's experts and she failed to do so. Plaintiff has not presented good cause for that failure, or for yet another modification to the schedule in this ten year old case.

Defendant's status report requests that the court set a date on which it will grant summary judgment *sua sponte* or, in the alternative, a date on which defendant may bring its own motion to dismiss or for summary judgment. The Ninth Circuit's previous decision, in the court's view, leaves little room for summary judgment. The circuit found that Dr. Mazzarella's declaration created a genuine dispute of material fact. ECF No. 606 at 4. That declaration remains in the record despite Dr. Mazzarella's passing. Thus, defendant's request for a revised schedule that sets a dispositive motion deadline is denied.

The more difficult question, not to be resolved here, is whether the declaration is admissible at trial. Dr. Mazzarella, who is deceased, is plainly unavailable. But he apparently was never deposed and it appears that the defense has not had the opportunity to cross examine as to the basis for the opinion's expressed in the declaration. Nonetheless, the Ninth Circuit has already determined that the information in the declaration is sufficient to defeat summary judgment. Later, either defendant may address the admissibility of declaration by way of a properly briefed motion *in limine*.

Trial Setting

In light of the foregoing, the court finds it appropriate to set this matter for trial. The final pretrial conference is set for before the Honorable Troy L. Nunley on June 16, 2022 at 2:00 p.m., in Courtroom No. 2. The parties are cautioned that counsel[1] appearing at the pretrial conference will in fact try the matter. Counsel for all parties are to be fully prepared for trial at the time of the pretrial conference, with no matters remaining to be accomplished except production of

---

[1] Any reference to "counsel" in this order includes parties appearing *in propria persona*.

2

witnesses for oral testimony. Counsel are referred to Local Rules 281 and 282 relating to pretrial statements and conferences. <u>A failure to comply with Local Rules 281 and 282 will be grounds for sanctions.</u>

Notwithstanding Local Rule 281, the parties shall submit a joint pretrial statement on or before June 9, 2022. The joint pretrial statement shall conform with the requirements of Local Rule 281(b). The undisputed facts and disputed factual issues shall be set forth in two separate sections. The parties should identify those facts which are relevant to each separate cause of action. In this regard, the parties are to number each individual fact or factual issues. Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue. The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action. The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all parties about the precise issues that will be litigated at trial. The court is not interested in a listing of all evidentiary facts underlying the issues that are in dispute. The joint statement of undisputed facts and disputed factual issues is to be filed with the court concurrently with the filing of the joint pretrial statement.

Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in their pretrial statement a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose. These lists shall not be contained in the pretrial statement itself, but shall be attached as separate documents to be used as addenda to the final pretrial order. Plaintiff's exhibits shall be listed numerically; defendant's exhibits shall be listed alphabetically. The pretrial order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the pretrial order. Counsel are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses which counsel do not intend or use will be viewed as an abuse of the court's processes.

Counsel are reminded that, pursuant to Federal Rule of Civil Procedure 16, it will be their duty at the pretrial conference to aid the court in (a) formulation and simplification of issues and

the elimination of meritless claims or defenses; (b) settling of facts which should be properly admitted; and (c) avoidance of unnecessary proof and cumulative evidence.  The parties must prepare their joint pretrial statement, and participate in good faith at the pretrial conference, with these aims in mind.  <u>A failure to do so may result in the imposition of sanctions,</u> which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

A jury trial is set to commence on September 12, 2022 at 9:00 a.m. in Courtroom No. 2.

Accordingly, it is ORDERED that:

1. Plaintiff's request for judicial notice, ECF No. 623, is DENIED without prejudice.
2. Plaintiff's request to modify the schedule to allow for further discovery is DENIED.
3. Defendant's request to modify the schedule to set a dispositive motion deadline, ECF No. 624, is DENIED.
3. The matter is set for a pretrial conference and trial in accordance with this order.

Dated: April 21, 2022.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4